1   MCDERMOTT WILL & EMERY LLP
    WILLIAM G. GAEDE, III (136184)
2   wgaede@mwe.com
    275 Middlefield Road, Suite 100
3   Menlo Park, CA 94025
    Telephone:     (650) 815-7400
4   Facsimile:      (650) 815-7401

5   MCDERMOTT WILL & EMERY LLP
    JOSEPH R. ROBINSON (*Pro Hac Vice*)
6   jrobinson@mwe.com
    HEATHER MOREHOUSE ETTINGER (*Pro Hac Vice*)
7   Hettinger@mwe.com
    340 Madison Avenue
    New York, NY 10173
8   Telephone:     (212) 547-5509
    Facsimile:      (212) 547-5444

9   Attorneys for *Plaintiffs*

10  KNOBBE, MARTENS, OLSON & BEAR, LLP
    WILLIAM R. ZIMMERMAN (SBN 195859)
11  bzimmerman@kmob.com
    SHEILA N. SWAROOP (SBN 203476)
12  sswaroop@kmob.com
    BENJAMIN A. KATZENELLENBOGEN (SBN 208527)
13  bkatzenellenbogen@kmob.com
    2040 Main Street
    Fourteenth Floor
14  Irvine, CA 92614
    Telephone:     (949) 760-0404
15  Facsimile:      (949) 760-9502

16  Attorneys for *Impax Laboratories, Inc.*

17  THE BANCHERO LAW FIRM LLP
    E. JEFFREY BANCHERO (SBN 93077)
18  ejb@bancherolaw.com
    SCOTT R. RABER (SBN 194924)
19  sraber@bancherolaw.com
    Four Embarcadero Center, 17th Floor
    San Francisco, California  94111
20  Telephone:     (415) 398-7000
    Facsimile:      (415) 616-7000

21  SUTHERLAND ASBILL & BRENNAN LLP
    JOHN L. NORTH (Admitted Pro Hac Vice)
22  john.north@sutherland.com
    JEFFREY J. TONEY (Admitted Pro Hac Vice)
23  jeffrey.toney@sutherland.com
    LAURA FAHEY FRITTS (Admitted Pro Hac Vice)
24  laura.fritts@sutherland.com
    JONATHAN D. OLINGER (Admitted Pro Hac Vice)
25  jonathan.olinger@sutherland.com
    999 Peachtree Street, NE
26  Atlanta, Georgia  30309
    Telephone:     (404) 853-8000
27  Facsimile:      (404) 853-8806

    Attorneys for *Watson Pharmaceuticals, Inc.,Watson Laboratories,
28  Inc.—Florida,Watson Pharma, Inc., and Anda, Inc.*

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

1    IN THE UNITED STATES DISTRICT COURT

2    IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

3    SAN FRANCISCO DIVISION

4

5    SHIRE LLC, SUPERNUS                    No.  10-CV-05467 RS
     PHARMACEUTICALS, INC., AMY F.T.
6    ARNSTEN, PH.D., PASKO RAKIC, M.D., and  **JOINT CASE MANAGEMENT**
     ROBERT D. HUNT, M.D.,                  **STATEMENT AND RULE 26(f)**
7                                           **REPORT**
                    Plaintiffs,
8
            v.
9    IMPAX LABORATORIES, INC., WATSON
     PHARMACEUTICALS, INC., WATSON          Date: April 14, 2011
10   LABORATORIES, INC.–FLORIDA,            Time: 10:00 a.m.
     WATSON PHARMA, INC., and ANDA, INC.,   Courtroom: 3, 17th Floor
11
                    Defendants.             **Hon. Richard Seeborg**
12

13          Pursuant to the Court's February 18, 2011, Order Continuing the Case Management

14   Conference and the ADR Deadlines, Federal Rules of Civil Procedure 26(a) and (f), Local Rule

15   2-1, 16-9, and this Court's Civil Standing Order, the parties submit this Joint Case Management

16   Statement and Joint Rule 26(f) Report ("CMC Statement").

17   **I.      JURISDICTION AND SERVICE**

18          Plaintiffs allege that the Court has subject matter jurisdiction over the entire action

19   pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.  Defendant Impax alleges that this Court has

20   jurisdiction over Plaintiffs' claims and Impax's counterclaims pursuant to 28 U.S.C. §§ 1331,

21   1338(a), 2201, 2202, and 35 U.S.C. § 271(e)(2).  Watson Pharmaceuticals, Inc., Watson

22   Laboratories, Inc.–Florida, Watson Pharma, Inc., and Anda, Inc. (collectively, "Watson") allege

23   that this Court has subject matter jurisdiction over the claims asserted against Watson-Florida, the

24   Watson entity that submitted Abbreviated New Drug Application ("ANDA") No. 202110, which

25   filing statutorily created an artificial act of infringement that gave rise to this case.  Watson

26   alleges, however, that this Court does not have subject matter jurisdiction over the Watson

27   Defendants that did *not* file the ANDA: Watson Pharmaceuticals, Watson Pharma, or Anda Inc.

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

1    The parties do not contest personal jurisdiction over them for purposes of this action.

2    All parties have been served.

3    **II.    BACKGROUND OF DISPUTE AND STATEMENT OF FACTS**

4    This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.,* and

5    particularly 35 U.S.C. §§ 271 (a), (b), (c), and (e)(2), involving U.S. Patent Nos. 5,854,290 (the

6    "'290 patent"); 6,287,599 (the "'599 patent"); and 6,811,794 (the "'794 patent") (collectively, the

7    "patents-in-suit").

8    Plaintiffs allege that Shire Development Inc. owns New Drug Application ("NDA") No.

9    022037, which was approved by the U.S. Food and Drug Administration ("FDA") for the

10   manufacture and sale of guanfacine hydrochloride extended release tablets, Eq. 1 mg Base, Eq. 2

11   mg Base, Eq. 3 mg Base and Eq. 4 mg Base (the "Shire products"), which Shire LLC markets

12   under the name INTUNIV®.  INTUNIV® is indicated for the treatment of Attention Deficit

13   Hyperactivity Disorder.

14   The patents-in-suit concern drug products containing the active pharmaceutical ingredient

15   ("API") guanfacine, or its salts, and uses of that API.  Plaintiffs allege that all of the patents-in-

16   suit are exclusively licensed to Shire LLC ("Shire") by one or more of the co-plaintiffs and are

17   listed in the Patent and Exclusivity Information Addendum of the FDA's publication, *Approved*

18   *Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book") for INTUNIV®.

19   Impax Laboratories, Inc. ("Impax") and Watson each prepared and submitted an ANDA

20   and subsequent amendments to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic

21   Act ("FDCA") (codified at 21 U.S.C. § 355(j)), seeking approval to engage in the commercial

22   manufacture, use, sale, offer for sale and/or importation of generic versions of INTUNIV® prior

23   to the expiration of the patents-in-suit.   Defendants also sent notice letters, pursuant to

24   § 505(j)(2)(B)(ii) of the FDCA, advising Supernus, Shire Development, Dr. Arnsten, Dr. Rakic,

25   and Dr. Hunt and others of their respective ANDAs.

26   Plaintiffs commenced the present action in response to the ANDAs.  Plaintiffs allege that

27   Defendants infringe the patents-in-suit.  Plaintiffs also assert that this is an exceptional case,

28   entitling them to attorney fees, as Defendants' infringement is willful and Defendants' defenses

1    and counterclaims are not warranted.  Plaintiffs filed and served a first amended complaint in

2    response to Impax's amendment to its ANDA.

3           Impax answered Plaintiffs' Amended Complaint and asserted affirmative defenses of non-

4    infringement, patent invalidity, failure to state a claim upon which relief can be granted, and

5    reserved its right to assert other defenses.  Impax also asserted counterclaims for declaratory

6    judgments of non-infringement, patent invalidity, and exceptional case entitling Impax to its

7    attorneys' fees and costs.

8           Watson answered Plaintiffs' Amended Complaint and asserted affirmative defenses of

9    non-infringement, patent invalidity, unenforceability due to inequitable conduct, failure to state a

10   claim upon which relief can be granted, and lack of subject matter jurisdiction.  Watson-Florida

11   also asserted counterclaims for declaratory judgments of non-infringement, patent invalidity, and

12   unenforceability and for an award of reasonable attorneys' fees and costs.

13   **III.   THE PRINCIPAL LEGAL ISSUES IN DISPUTE**

14          The parties dispute the following legal issues:

15          1.     The meaning of various claim terms of the patents-in-suit.

16          2.     Whether the Defendants infringe any claim of the patents-in-suit.

17          3.     Whether any of the claims of the patents-in-suit are invalid.

18          4.     Whether the '290 patent is unenforceable due to inequitable conduct.

19          5.     Whether this Court has subject matter jurisdiction over the Plaintiffs' claims

20   asserted against Watson Pharmaceuticals, Watson Pharma, or Anda, Inc.

21          6.     Whether this is an exceptional case under 35 U.S.C. § 285.

22          7.     Plaintiffs believe the following is a legal issue of contention: Whether Plaintiffs

23   are entitled to an order that any approval date for ANDA Nos. 202238 and 202110 under § 505(j)

24   of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the

25   latest expiration dates of the patents-in-suit, including any extensions.

26

27

28

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

## IV.   ANTICIPATED MOTIONS AND HEARINGS

**Pending Motions.**  Plaintiffs have moved to dismiss or strike Defendants' affirmative defenses and counterclaims.   Defendants counter-moved to dismiss Plaintiffs' amended complaint.  These motions are scheduled to be heard on April 14, 2011.

**Discovery Motions.**   The parties anticipate the use of discovery motions only as necessary to obtain responsive discovery.

**Pre-Trial Motions.**  The parties anticipate filing motions for summary judgment.

## V.   AMENDMENT OF PLEADINGS

The parties do not contemplate adding any additional parties.  The parties agree that the last day to amend the pleadings is the same date as the deadline for completing claim construction discovery, which is September 12, 2011, under the Defendants' proposed schedule, or December 30, 2011, under Plaintiffs' proposed schedule.  The parties reserve the right to amend their pleadings based on information obtained through discovery.

## VI.   EVIDENCE PRESERVATION

Plaintiff and Defendants have taken appropriate steps to preserve any and all evidence that may be of relevance to the issues in the present action.

## VII.   DISCLOSURES

The parties exchanged their Fed. R. Civ. P. 26(a)(1) initial disclosures on April 5, 2011.

## VIII.   DISCOVERY

The parties conducted their Rule 26(f) Conference on March 22, 2011.

**Status of Discovery.**  The parties are initiating written discovery.  Unless otherwise stated herein, the parties will follow the general rules and limitations on discovery as set forth in the Federal Rules of Civil Procedure, Civil Local Rules, Standing Orders and other orders issued by the Court in this matter.

**Depositions.**  No depositions have been taken in this case to date.  The parties disagree regarding the appropriate limits on depositions.

Plaintiffs' Proposal: Plaintiffs propose a limit of ten (10) depositions per side, not including depositions of experts.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

**Defendants' Proposal**: Defendants propose that Impax and Watson, collectively, be entitled to 120 hours of fact deposition time.  Defendants propose each deposition will have a presumptive limit of 7 hours as provided in the Federal Rules of Civil Procedure.  However, Defendants propose that the depositions of the inventors of the patents-in-suit have a presumptive limit of 10 hours.

Similarly, Defendants propose that the Plaintiffs, collectively, be allowed to take 120 hours of fact depositions, of which no more than 60 hours may be used to depose Impax's witnesses, and of which no more than 60 hours may be used to depose Watson's witnesses.

If the Court adopts Plaintiffs' proposal and limits the number of depositions, rather than the number of hours of deposition time, Defendants respectfully request that the Court allow Impax and Watson to *each* take 10 depositions of fact witnesses.

**Interrogatories**.   The parties disagree regarding the limits on the number of interrogatories that may be served.

Plaintiffs' Proposal: Plaintiffs propose that each side serve no more than twenty-five (25) interrogatories, pursuant to Fed R. Civ. P. 33.

Defendants' Proposal: Defendants propose that: (1) Plaintiffs may serve no more than twenty-five (25) interrogatories on Impax and no more than twenty-five (25) interrogatories on Watson; (2) Impax may serve no more than twenty-five (25) interrogatories; and (3) Watson may serve no more than twenty-five (25) interrogatories.

**Expert Discovery**.  The parties propose that expert disclosure and expert discovery take place after the close of fact discovery.

**Scope of Anticipated Discovery**.  The parties agree that discovery on the issues of claim construction, infringement, validity, and enforceability will be necessary.

**Electronically Stored Information.**  The parties agree to produce electronically stored information in single-page .tiff or .pdf format with corresponding OCR text files.

**Protective Order.**   The parties contemplate that a protective order governing the treatment of confidential information will be required.  The parties expect to submit a stipulated

1  protective order that is similar to the model Stipulated Protective Order of the Northern District

2  of California, with various modifications.

3       **Schedule.** Proposed discovery and disclosure deadlines are set forth in Section XVI.

4  **IX.  CLASS ACTIONS**

5       This action is not a class action.

6  **X.  RELIEF**

7       Plaintiffs seek a judgment that Defendants' ANDAs, together with the products, and the

8  use thereof, for which approval is being sought, infringe the patents-in-suit, and seek relief under

9  35 U.S.C. § 271(e)(4), including an order that any approval date for ANDA Nos. 202238 and

10 202110 under § 505(j) of the FDCA (21 U.S.C. § 355(j)) shall not be earlier than the latest

11 expiration dates of the patents-in-suit, including any extensions, an order declaring this case an

12 exceptional case under 35 U.S.C. § 285, and reasonable attorneys' fees and costs.

13      Impax seeks a judgment declaring that: (1) the commercial manufacture, use, sale, offer

14 for sale, or importation of the proposed drug product described in Impax's ANDA No. 202238

15 has not, does not, and will not directly infringe, indirectly infringe, contribute to, or induce

16 infringement of, any valid and enforceable claim of the patents-in-suit; (2) one or more claims of

17 the patents-in-suit are invalid; (3) Impax has a lawful right to obtain FDA approval for the

18 proposed guanfacine hydrochloride products described in ANDA No. 202238, and further that

19 Impax has a lawful right to manufacture, import, use, sell and/or offer to sell the proposed

20 guanfacine hydrochloride products described in ANDA No. 202238 once approved by the FDA;

21 (4) this is an exceptional case within the meaning of 35 U.S.C. § 285, and that Impax is entitled to

22 recover its reasonable attorneys' fees upon prevailing in this action.  Impax further seeks its costs.

23      Watson seeks a judgment declaring that Watson-Florida's proposed ANDA No. 202110

24 product has not infringed and is not infringing any claim of the '599 and '794 patents, declaring

25 all claims of the '290 patent invalid, declaring the '290 patent unenforceable, and declaring this

26 case an exceptional case under 35 U.S.C. § 285 and awarding Watson-Florida its reasonable

27 attorneys' fees and costs.

28

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

## XI.   SETTLEMENT AND ADR

The parties agree that a settlement discussion is not likely to be productive at this time and that such discussions should not occur until after the claim construction order issues.  Plaintiffs propose that a further ADR telephone conference occur within 60 days of the claim construction ruling and that picking a specific ADR process would not be fruitful until the parties had the benefit of considering the Markman ruling.  Defendants propose that the parties select and agree on an ADR process now, and agree that the ADR process will occur within 60 days of the claim construction ruling.  Other than as discussed above, Plaintiffs have not proposed any ADR process.  Defendants proposed mediation as the ADR process.  The parties have filed their ADR Certifications, and Plaintiffs filed a Notice of Need for ADR Phone Conference.

## XII.   CONSENT TO MAGISTRATE JUDGE

Plaintiffs have declined to proceed before a Magistrate Judge.  This case has been reassigned to the Honorable Richard Seeborg.

## XIII.   OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV.   NARROWING OF ISSUES

All parties anticipate filing one or more motions for summary judgment.

## XV.   EXPEDITED SCHEDULE

The parties agree that this matter is not suitable for expedited handling.

## XVI.   SCHEDULING

The parties propose the following schedules based on the Federal Rules of Civil Procedure, Local Rules, and applicable Standing Orders. The parties also agree that a second Case Management Conference should be conducted after the Court issues its claim construction ruling to set all pre-trial dates.

| Event | Plaintiffs' Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Case Management Conference/Discovery Opens | **04/14/2011** | **04/14/2011** |
| Defendants provide ANDA and 200 tablets of every dosage of every proposed product | **04/14/2011** | |
| Disclosure of Asserted Claims and Preliminary Infringement Contentions and Document Production Accompanying Disclosure (PLR 3.1, 3.2) | **08/15/2011** | **04/28/2011** |
| Disclosure of Preliminary Invalidity Contentions and Document Production Accompanying Disclosure (PLR 3.3, 3.4) | **09/29/2011** | **06/13/2011** |
| Exchange List of Claim Terms each Party contends should be Construed by the Court (PLR 4.1(a)) | **10/13/2011** | **06/27/2011** |
| Deadline to Meet and Confer to Limit Terms in Dispute and Identify 10 Terms likely to be Most Significant to Resolving Dispute (PLR 4.1(b)) | **10/20/2011** | **7/12/2011** |
| Exchange Proposed Constructions for Each Term Identified by the Parties, including Intrinsic and Extrinsic Evidence Supporting each Construction (PLR 4.2(a)(b)) | **11/03/2011** | **07/18/2011** |
| Deadline to Meet and Confer for Purposes of Finalizing Preparation of Joint Claim Construction and Prehearing Statement (PLR 4.2(c)) | **11/21/2011** | **07/29/2011** |
| File Joint Claim Construction and Prehearing Statement, including identification of 10 claim terms who construction will be most significant to resolution of the case (PLR 4.3) | **11/28/2011** | **08/12/2011** |
| Complete Claim Construction Discovery (PLR 4.4) | **12/30/2011** | **09/12/2011** |
| Deadline for Plaintiffs serving and filing Opening Claim Construction Brief (PLR 4.5(a)) | **01/13/2012** | **09/26/2011** |
| Deadline for Defendants serving and filing Opposition to Claim Construction Brief (PLR 4.5(b)) | **02/03/2012** | **10/11/2011** |
| Reply in support of Claim Construction Brief (PLR 4.5(c)) | **02/17/2012** | **10/18/2011** |
| Patent Technology Tutorial | **Scheduled at the Court's convenience** | **Scheduled at the Court's convenience** |
| *Markman* Hearing (PLR 4.6) | **Scheduled at the Court's convenience** | **11/2/2011** |
| Parties' Second ADR Telephone Conference | **60 days after Markman order** | |
| Mediation | **--** | **60 days after Markman order** |

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

| Event | Plaintiffs' Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Fact Discovery Cut-off | 120 days after Markman order | 45 days after Markman order |
| Disclosure of Expert Reports [On-issue party bears burden of proof] | 30 days after close of fact discovery | 30 days after close of fact discovery |
| Rebuttal Expert Report | 15 days after disclosure of expert reports | 30 days after disclosure of expert reports |
| Expert Discovery Cut-off | 30 days after disclosure of rebuttal expert reports | 30 days after disclosure of rebuttal expert reports |
| Last Day to File Summary Judgment Motions | 30 days after close of expert discovery | 30 days after close of expert discovery |
| Trial (10 or 15 Days) | Scheduled at the Court's convenience | Scheduled at the Court's convenience |

## XVII.    TRIAL

Plaintiffs estimate that trial will require 10 days and requests that it be set as early as possible following resolution of summary judgment motions.  At this point, before any discovery has been taken, Defendants estimate that trial will last 15 days.

## XVIII.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

All parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

1.    Defendant Impax does not have a publicly traded parent or subsidiary.

2.    Defendant Watson Pharmaceuticals is a publicly held corporation that is the ultimate parent company to Watson Pharma, Inc, Watson Laboratories-Florida, Inc., and Anda, Inc.

3.    There is no publicly held corporation that owns 10% or more of Defendant Impax, or Defendant Watson Pharmaceuticals, Inc.'s stock.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

4.   Watson Pharmaceuticals, Inc. is a publicly held corporation that owns more than 10% of the stock of Watson Pharma, Inc, Watson Laboratories-Florida, Inc., and Anda, Inc.

5.   Plaintiff Shire LLC's parent corporation Shire plc is a publicly held corporation that owns 10% or more of Shire LLC's stock.

6.   There is no publicly held corporation that owns 10% or more of Plaintiff's Supernus's stock.

Respectfully submitted,

MCDERMOTT WILL & EMERY LLP

Dated: _____April 7, 2011_____   By: _____/s/ William G. Gaede, III_____
                                            William G. Gaede, III

*Attorneys for Plaintiffs*

KNOBBE, MARTENS, OLSON & BEAR LLP

Dated: _____   By: _____
                                   William R. Zimmerman
                                   Benjamin A. Katzenellenbogen

*Attorneys for Impax Laboratories, Inc.*

SUTHERLAND ASBILL & BRENNAN LLP

Dated: _____April 7, 2011_____   By: _____/s/ Laura Fahey Fritts_____
                                            Laura Fahey Fritts

*Attorneys for* Attorneys for *Watson Pharmaceuticals, Inc.,Watson Laboratories, Inc.—Florida,Watson Pharma, Inc., and Anda, Inc.*

-oOo-

**SIGNATURE ATTESTATION**

Pursuant to General Order 45.X(B), I hereby attest that concurrence has been obtained from Laura Fahey Fritts, counsel for the Watson Defendants, indicated by a "conformed" signature (/s/) within this e-filed document. All counsel met and conferred regarding the content of the foregoing document. However, counsel for Impax has not responded to the circulated

drafts, and concurrence by Impax's counsel has not yet been obtained.  In order to comply with the Court's scheduling order in this matter and file this statement timely, the undersigned is e-filing the foregoing document without concurrence of Impax's counsel.

*/s/ William G. Gaede, III*
William G. Gaede, III

-11-