*E-Filed 6/15/11*

MCDERMOTT WILL & EMERY LLP
WILLIAM G. GAEDE, III (136184)
wgaede@mwe.com
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
Telephone:      (650) 815-7400
Facsimile:      (650) 815-7401

MCDERMOTT WILL & EMERY LLP
JOSEPH R. ROBINSON (*Pro Hac Vice*)
jrobinson@mwe.com
HEATHER MOREHOUSE ETTINGER (*Pro Hac Vice*)
Hettinger@mwe.com
340 Madison Avenue
New York, NY 10173
Telephone:      (212) 547-5509
Facsimile:      (212) 547-5444

Attorneys for *Plaintiffs*

KNOBBE, MARTENS, OLSON & BEAR, LLP
WILLIAM R. ZIMMERMAN (SBN 195859)
bzimmerman@kmob.com
SHEILA N. SWAROOP (SBN 203476)
sswaroop@kmob.com
BENJAMIN A. KATZENELLENBOGEN (SBN 208527)
bkatzenellenbogen@kmob.com
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Telephone:      (949) 760-0404
Facsimile:      (949) 760-9502

Attorneys for *Impax Laboratories, Inc.*

THE BANCHERO LAW FIRM LLP
E. JEFFREY BANCHERO (SBN 93077)
ejb@bancherolaw.com
SCOTT R. RABER (SBN 194924)
sraber@bancherolaw.com
Four Embarcadero Center, 17th Floor
San Francisco, California  94111
Telephone:      (415) 398-7000
Facsimile:      (415) 616-7000

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
JOHN L. NORTH (*Pro Hac Vice*)
jnorth@kasowitz.com
JEFFREY J. TONEY (*Pro Hac Vice*)
jtoney@kasowitz.com
LAURA FAHEY FRITTS (*Pro Hac Vice*)
lfritts@kasowitz.com
1360 Peachtree Street, N.E., Suite 1150
Atlanta, Georgia  30309
Telephone:      (404) 260-6080
Facsimile:      (404) 260-6081

Attorneys for *Watson Pharmaceuticals, Inc.,Watson Laboratories, Inc.—Florida,Watson Pharma, Inc., and Anda, Inc.*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHIRE LLC, SUPERNUS PHARMACEUTICALS, INC., AMY F.T. ARNSTEN, PH.D., PASKO RAKIC, M.D., and ROBERT D. HUNT, M.D., <br><br>Plaintiffs, <br><br>v. <br><br>IMPAX LABORATORIES, INC., WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC.–FLORIDA, WATSON PHARMA, INC., and ANDA, INC., <br><br>Defendants. | No. 10-CV-05467 RS <br><br>**SUPPLEMENTAL CASE MANAGEMENT SUBMISSION, SCHEDULING ORDER, AND ORDER ON PRESUMPTIVE LIMIT OF HOURS FOR INVENTORS' DEPOSITIONS** <br><br> AS MODIFIED BY THE COURT <br><br>**Hon. Richard Seeborg** |

At the Case Management Conference of June 2, 2011, the Court indicated that it would adopt a modified version of Plaintiffs' proposed case schedule. The Court also directed the parties to further confer regarding discovery. Pursuant to the Court's instructions at the Case Management Conference and the Court's June 2, 2011 Order requiring the parties to submit an updated proposed schedule and discovery plan, the parties submit the following:

**UPDATED CASE MANAGEMENT SCHEDULE**

| Event | Date |
|---|---|
| Disclosure of Asserted Claims and Preliminary Infringement Contentions and Document Production Accompanying Disclosure (PLR 3.1, 3.2) | **10/03/2011** |
| Disclosure of Preliminary Invalidity Contentions and Document Production Accompanying Disclosure (PLR 3.3, 3.4) | **11/17/2011** |
| Exchange List of Claim Terms each Party contends should be Construed by the Court (PLR 4.1(a)) | **12/01/2011** |
| Deadline to Meet and Confer to Limit Terms in Dispute and Identify 10 Terms likely to be Most Significant to Resolving Dispute (PLR 4.1(b)) | **12/08/2011** |

| Event | Date |
|---|---|
| Exchange Proposed Constructions for Each Term Identified by the Parties, including Intrinsic and Extrinsic Evidence Supporting each Construction (PLR 4.2(a)(b)) | **12/22/2011** |
| Deadline to Meet and Confer for Purposes of Finalizing Preparation of Joint Claim Construction and Prehearing Statement (PLR 4.2(c)) | **01/09/2012** |
| File Joint Claim Construction and Prehearing Statement, including identification of 10 claim terms who construction will be most significant to resolution of the case (PLR 4.3) | **01/16/2012** |
| Complete Claim Construction Discovery (PLR 4.4) | **02/17/2012** |
| Deadline to Amend Pleadings | **02/17/2012** |
| Deadline for Plaintiffs serving and filing Opening Claim Construction Brief (PLR 4.5(a)) | **03/02/2012** |
| Deadline for Defendants serving and filing Opposition to Claim Construction Brief (PLR 4.5(b)) | **03/23/2012** |
| Reply in support of Claim Construction Brief (PLR 4.5(c)) | **04/06/2012** |
| *Markman* Hearing (PLR 4.6) | 05/02/12 @ 10:00 a.m. |
| Further Case Management Conference, Statement due on week prior: | 7/12/12 @ 10:00 a.m. |

Following the issuance of the *Markman* ruling, the Court will schedule a second Case Management Conference to schedule the remainder of the case through trial.

## STIPULATION AND DISPUTE ON DISCOVERY SCOPE

**Stipulation on Depositions**. The parties agree that Plaintiffs shall be entitled to sixteen (16) depositions of fact witnesses, of which no more than eight (8) will be of the Watson Defendants and no more than eight (8) will be of Impax. Impax shall be entitled to eight (8) depositions of fact witnesses; and the Watson Defendants shall be entitled to eight (8) depositions of fact witnesses.

**Dispute on Presumptive Length of Named Inventor Depositions.** The parties disagree on the presumptive time limit for the depositions of the named inventors of the Patents-in-Suit.

Plaintiffs' position is that an inventor deposition should be limited to seven hours in accordance with the Federal Rules, unless otherwise agreed upon by the parties on a deposition-

by-deposition basis. If the parties cannot agree, either party may seek a decision from the Court.

Defendants' position is that the time limit for named inventors' depositions should be enlarged to ten hours given the presumptive importance of their testimony. Defendants do not anticipate that every inventor deposition will take ten hours. However, Defendants do anticipate seeking a ten hour limit from Plaintiffs for each inventor deposition and believe it would be more efficient to resolve this issue now to avoid seeking piecemeal Court intervention with respect to each of the five inventor depositions.

**Stipulation on Interrogatories**. Plaintiffs may serve no more than ten (10) "joint" interrogatories on the Watson Defendants and Impax.[1] In addition to the joint interrogatories, Plaintiffs may serve no more than ten (10) interrogatories on the Watson Defendants and no more than ten (10) interrogatories on Impax.

The Watson Defendants and Impax together may serve no more than ten (10) joint interrogatories on Plaintiffs. In additional to the joint interrogatories, the Watson Defendants may serve no more than ten (10) interrogatories on Plaintiffs, and Impax may serve no more than ten (10) interrogatories on Plaintiffs.

## ORDER

The Court adopts the foregoing Case Management Schedule and the parties' stipulations on the number of depositions and interrogatories. As to the issue of the presumptive number of hours for the inventors' depositions, the Court orders that a presumptive limit of [~~seven (7)~~] [ten (10)] hours shall apply to all named inventor depositions in this matter. If a party would like to modify the presumptive time limit, the parties first must meet and confer on the issue. If the parties cannot resolve the dispute, the parties then may seek relief from the Court.

DATED: 6/15/11

HONORABLE RICHARD SEEBORG
Judge of the United States District Court

---

[1] "Joint" interrogatories are defined as interrogatories that are identical irrespective of defendant.