1  MCDERMOTT WILL & EMERY LLP
   WILLIAM G. GAEDE III (136184)
2  wgaede@mwe.com
   275 Middlefield Road, Suite 100
3  Menlo Park, CA  94025-4004
   Telephone:    +1 650 815 7400
4  Facsimile:    +1 650 815 7401

5  MCDERMOTT WILL & EMERY LLP
   JOSEPH R. ROBINSON (*Pro Hac Vice*)
6  jrobinson@mwe.com
   HEATHER MOREHOUSE ETTINGER (*Pro Hac Vice*)
7  hettinger@mwe.com
   340 Madison Avenue
8  New York, NY 10173
   Telephone:    (212) 547-5509
9  Facsimile:    (212) 547-5444
   Attorneys for *Plaintiffs/Counter-Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SHIRE LLC, SUPERNUS PHARMACEUTICALS, INC., AMY F.T. ARNSTEN, PH.D., PASKO RAKIC, M.D., and ROBERT D. HUNT, M.D.,<br><br>Plaintiffs and Counter-Defendants,<br><br>v.<br><br>IMPAX LABORATORIES, INC., WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC.–FLORIDA, WATSON PHARMA, INC., and ANDA, INC.,<br><br>Defendants and Counter-Claimants. | CASE NO. 10-CV-05467 RS<br><br>**REPLY TO COUNTERCLAIMS OF DEFENDANTS WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC.–FLORIDA, WATSON PHARMA, INC., and ANDA, INC.** |

Pursuant to Federal Rule of Civil Procedure 7(a), Plaintiffs Shire LLC, Supernus Pharmaceuticals, Inc., Amy F.T. Arnsten, Ph.D., Pasko Rakic, M.D., And Robert D. Hunt, M.D. (collectively, "Counter-Defendants") hereby submit this Reply to the Counterclaims of Defendants Watson Pharmaceuticals, Inc., Watson Laboratories, Inc.–Florida, Watson Pharma, Inc., and Anda, Inc. (collectively, "Counter-Claimants").

1. Watson-Florida filed Abbreviated New Drug Application ("ANDA") No. 202110 with the United States Food and Drug Administration ("FDA") seeking approval to manufacture, use, market, sell, and offer to sell guanfacine hydrochloride extended release tablets, Eq. 4 mg, as described in ANDA No. 202110.

**ANSWER:** Counter-Defendants admit that they received notice that Watson-Florida filed Abbreviated New Drug Application ("ANDA") No. 202110 with the United States Food and Drug Administration ("FDA") seeking approval to manufacture, use, market, sell, and offer to sell guanfacine hydrochloride extended release tablets, Eq. 4 mg, as described in ANDA No. 202110. Counter-Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations of paragraph 1 of the Counterclaims and, therefore, deny the same.

2. Plaintiffs filed their Amended Complaint seeking, *inter alia*, a judgment that Watson-Florida infringed one or more claims of United States Patents Nos. 5,854,290 (the "'290 patent'); 6,287,599 (the "'599 patent"); and 6,811,794 (the "'794 patent") by filing a Paragraph IV certification in Watson-Florida's ANDA No. 202110.

**ANSWER:** Admitted.

## JURISDICTION AND VENUE

3. The following counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, based on an actual controversy between the parties to declare that Watson-Florida is free to continue to seek approval of ANDA No. 202110, and upon approval by the FDA to manufacture, use, market, sell, and offer to sell the guanfacine hydrochloride extended release tablets, Eq. 4 mg, as described in ANDA No. 202110.

**ANSWER:** Counter-Defendants admit that Counter-Claimants allege that their counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, based on an actual controversy between the parties to declare that Watson-Florida is free to continue to seek approval of ANDA No. 202110, and upon approval by the FDA to manufacture, use, market, sell, and offer to sell the guanfacine hydrochloride extended release tablets, Eq. 4 mg, as described in ANDA No. 202110. Counter-Defendants also admit that there is an actual controversy among the parties. Counter-Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations of paragraph 3 of the Counterclaims and, therefore, deny the same.

4. An immediate and justiciable controversy exists between Watson-Florida and Plaintiffs regarding whether the ANDA No. 202110 product infringes any valid and enforceable claims of the '290, '599, and '794 patents.

**ANSWER:** Admitted.

5. This court has personal jurisdiction over Plaintiffs in part due to Plaintiffs purposefully availing themselves of this forum.

**ANSWER:** Counter-Defendants admit that this Court has personal jurisdiction over them in this matter. Counter-Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations of paragraph 5 of the Counterclaims and, therefore, deny the same.

6. Subject matter jurisdiction in this Court is proper under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

**ANSWER:** Admitted.

7. Watson Defendants have moved to transfer this case to the District of Delaware. Should the Court deny Watson Defendants' motion, venue would be proper in this District under 28 U.S.C. §§ 1391 and 1400 because, *inter alia*, the Plaintiffs have submitted to the jurisdiction of this Court and selected this venue by filing their Amended Complaint with this Court.

**ANSWER:** Counter-Defendants admit that Counter-Claimants have made a motion to transfer. Counter-Defendants also admit that venue is proper in this District. Counter-Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations of paragraph 7 of the Counterclaims and, therefore, deny the same.

## PARTIES

8. Counterclaimant Watson-Florida is a Florida corporation with its principal place of business at 4955 Orange Drive, Davie, Florida 33314. Watson-Florida is a wholly-owned subsidiary of Andrx Corporation, a Delaware corporation, with its principal place of business at 4955 Orange Drive, Davie, Florida 33314.

**ANSWER:** Counter-Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 8 of the Counterclaims and on that basis deny them.

9. On information and belief, Shire LLC ("Shire") is a corporation organized and existing under the laws of the Commonwealth of Kentucky having its principal place of business at 9200 Brookfield Court, Florence, Kentucky 41042.

**ANSWER:** Admitted.

10. On information and belief, Supernus is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1550 East Gude Drive, Rockville, Maryland 20850.

**ANSWER:** Admitted.

11. Plaintiffs have alleged that Dr. Amy F.T. Arnsten is an individual with a principal place of business at Yale University School of Medicine, 333 Cedar Street, New Haven, Connecticut 06510.

**ANSWER:** Admitted.

12. Plaintiffs have alleged that Dr. Pasko Rakic is an individual with a principal place of business at Yale University School of Medicine, 333 Cedar Street, New Haven, Connecticut 06510. He is the successor-in-interest of Patricia S. Goldman-Rakic, deceased.

**ANSWER:** Admitted.

13. Plaintiffs have alleged that Dr. Robert D. Hunt is an individual with a principal place of business at Center for Attention and Hyperactive Disorders, 2129 Belcourt Avenue, Tennessee 37212.

**ANSWER:** Admitted.

## COUNT I
### (Declaration of Non-Infringement of any Valid and Enforceable Claim of the '290 Patent)

14. Counterclaimant Watson-Florida incorporates by reference and re-alleges each of the allegations set forth in paragraphs 1-13 of its Counterclaims.

**ANSWER:** Counter-Defendants repeat and reallege their answers to paragraphs 1-13 as if fully stated and set forth herein.

15. Counterclaimant Watson-Florida has not infringed, is not infringing, and will not infringe, literally or under the Doctrine of Equivalents, directly and/or indirectly any valid and enforceable claim of the '290 patent.

**ANSWER:** Denied.

16. Because Plaintiffs maintain that the commercial manufacture, use, offer for sale, sale within the United States, and/or importation into the United States of the ANDA No. 202110 product would directly and/or indirectly infringe the '290 patent, a declaration of rights between the parties is appropriate and necessary to establish that commercial manufacture, use, offer for sale, sale within the United States, and/or importation into the United States would not directly and/or indirectly infringe any valid and enforceable claim of the '290 patent.

1  **ANSWER:** Counter-Defendants admit that the commercial manufacture, use, offer for sale, sale within the United States, and/or importation into the United States of the ANDA No. 202110 product would directly and/or indirectly infringe the '290 patent and that a declaration of rights among the parties is appropriate. Counter-Defendants deny any and all remaining allegations in Paragraph 16.

## COUNT II
### (Declaration of Unenforceability of the '290 Patent)

17. Counterclaimant Watson-Florida incorporates by reference and re-alleges each of the allegations set forth in paragraphs 1-16 of its Counterclaims.

**ANSWER:** Counter-Defendants repeat and reallege their answers to paragraphs 1-16 of these Counterclaims.

18. The claims of the '290 patent are unenforceable due to inequitable conduct committed before the PTO. The patentee(s), specifically Plaintiff and named inventor Amy Arnsten, Ph.D. ("Dr. Arnsten"), committed inequitable conduct during prosecution of that patent by failing to inform the examiner of the '290 patent that the poster entitled *"Guanfacine Treatment of Children with Attention Deficit Hyperactivity Disorder (ADHD) and Tics: Preliminary Clinical Experience"* prepared by Phillip Chappell et al. (the "Chappell poster") was publicly displayed during May 31, 1994 to June 3, 1994 on Marco Island, Florida during the National Institutes of Mental Health ("NIMH")-sponsored New Clinical Drug Evaluation Unit ("NCDEU") meeting. Additionally, the patentee(s), specifically Plaintiffs and named inventors Robert D. Hunt, M.D. ("Dr. Hunt") and Dr. Arnsten, committed inequitable conduct by failing to disclose a poster entitled *"The Use of Guanfacine in the Treatment of Children with Attention Deficit Hyperactivity Disorder (ADHD)"* co-authored by Dr. Hunt and Dr. Arnsten. (the "Hunt poster").

**ANSWER:** Denied.

19. The availability of the Chappell poster during the May 31, 1994 to June 3, 1994 NCDEU meeting is material information that should have been disclosed to the examiner of the '290 patent. The Chappel poster teaches that guanfacine is effective at decreasing impulsivity and

1  improving attention span in children with Tourette's syndrome and ADHD. This publication date
2  of the Chappell poster is earlier than the date Dr. Arnsten asserted in declarations she and Sheila
3  A. Nestor of Clark & Elbing, LLP submitted to the United States Patent and Trademark Office
4  during prosecution of the '290 patent. The earlier publication date of the Chappell poster makes it
5  prior art that would have anticipated or rendered obvious the claims of the '290 patent. The Hunt
6  poster is material information that should have been disclosed to the examiner of the '290 patent
7  because it relates to an earlier publication date by the inventors of certain aspects of their
8  invention.

9  **ANSWER:** Counter-Defendants admit that the Chapell poster speaks for itself. Counter-
10  Defendants deny any and all remaining allegations in Paragraph 19.

11  20. Upon information and belief, Dr. Arnsten knew—but failed to disclose—that the
12  Chappell poster was publicly available before the dates set forth in her declarations submitted to
13  the examiner of the '290 patent. Additionally, Dr. Arnsten knew of—but failed to disclose—the
14  Hunt poster presented at the same conference. Dr. Arnsten knew or should have known about the
15  Hunt poster since the Chappell poster refers to it, and this disclosure should have informed Dr.
16  Arnsten of the concurrent presentations. In light of the patentee(s) knowledge and importance of
17  the poster presentation dates, the failure of Dr. Arnsten and others associated with the prosecution
18  of the '290 patent to disclose the earlier publication dates of the Chappell poster and the Hunt
19  poster is evidence of an intent to deceive and/or withhold material information from the Examiner
20  during the prosecution of the '290 patent.

21  **ANSWER:** Denied.

22  21. Due to the patentee(s)' failure to disclose the Chappell poster and the Hunt poster,
23  they are guilty of inequitable conduct rendering the '290 patent unenforceable.

24  **ANSWER:** Denied.

**COUNT III**
**(Declaration of Non-Infringement of any**
**Valid and Enforceable Claim of the '599 Patent)**

22. Counterclaimant Watson-Florida incorporates by reference and re-alleges each of the allegations set forth in paragraphs 1-21 of its Counterclaims.

**ANSWER:** Counter-Defendants repeat and reallege their answers to paragraphs 1-21 of these Counterclaims.

23. Watson Defendants have not infringed, are not infringing, and will not infringe, literally or under the Doctrine of Equivalents, directly and/or indirectly any valid and enforceable claim of the '599 patent.

**ANSWER:** Denied.

24. Because Plaintiffs maintain that the commercial manufacture, use, offer for sale, sale within the United States, and/or importation into the United States of the ANDA No. 202110 product would directly and/or indirectly infringe the '599 patent, a declaration of rights between the parties is appropriate and necessary to establish that commercial manufacture, use, offer for sale, sale within the United States, and/or importation into the United States would not directly and/or indirectly infringe any valid and enforceable claim of the '599 patent.

**ANSWER:** Counter-Defendants admit that the commercial manufacture, use, offer for sale, sale within the United States, and/or importation into the United States of the ANDA No. 202110 product would directly and/or indirectly infringe the '599 patent and that a declaration of rights among the parties is appropriate. Counter-Defendants deny any and all remaining allegations in Paragraph 24.

**COUNT IV**
**(Declaration of Non-Infringement of any**
**Valid and Enforceable Claim of the '794 Patent)**

25. Counterclaimant Watson-Florida incorporates by reference and re-alleges each of the allegations set forth in paragraphs 1-24 of its Counterclaims.

**ANSWER:** Counter-Defendants repeat and reallege their answers to paragraphs 1-24 of these Counterclaims.

26. Watson Defendants have not infringed, are not infringing, and will not infringe, literally or under the Doctrine of Equivalents, directly and/or indirectly any valid and enforceable claim of the '794 patent.

**ANSWER:** Denied.

27. Because Plaintiffs maintain that the commercial manufacture, use, offer for sale, sale within the United States, and/or importation into the United States of the ANDA No. 202110 product would directly and/or indirectly infringe the '794 patent, a declaration of rights between the parties is appropriate and necessary to establish that commercial manufacture, use, offer for sale, sale within the United States, and/or importation into the United States would not directly and/or indirectly infringe any valid and enforceable claim of the '794 patent.

**ANSWER:** Counter-Defendants admit that the commercial manufacture, use, offer for sale, sale within the United States, and/or importation into the United States of the ANDA No. 202110 product would directly and/or indirectly infringe the '794 patent and that a declaration of rights among the parties is appropriate. Counter-defendants deny any and all remaining allegations in Paragraph 27.

## COUNT V
**(Declaration of Award of Attorney's Fees, Costs, and Expenses)**

28. Counterclaimant Watson-Florida incorporates by reference and re-alleges each of the allegations set forth in paragraphs 1-27 of its Counterclaims.

**ANSWER:** Counter-Defendants repeat and reallege their answers to paragraphs 1-27 as if fully stated and set forth herein..

29. This action is an exceptional case under 35 U.S.C. § 285, and Watson-Florida is entitled to reimbursement for attorneys' fees, costs, and expenses from Plaintiffs.

**ANSWER:** Counter-Defendants admit that this action is an exceptional case under 35 U.S.C. § 285, and Counter-Defendants are entitled to reimbursement for attorneys' fees, costs, and expenses from Defendants. Counter-defendants deny any and all remaining allegations in Paragraph 29.

WHEREFORE, Plaintiffs respectfully requests that the Court deny the relief requested in Defendants' Counterclaims and award Plaintiffs their attorneys' fees and costs incurred in defending against such Counterclaims and such other relief as the Court may award.

Dated: September 12, 2011

Respectfully submitted,

MCDERMOTT WILL & EMERY LLP

By: */s/ William G. Gaede, III*
William G. Gaede, III

*Attorneys for Plaintiffs//Counter-Defendants Shire LLC, Supernus Pharmaceuticals, Inc., Amy F.T. Arnsten, Ph.D., Pasko Racik, M.D., and Robert D. Hunt, M.D.*