MCDERMOTT WILL & EMERY LLP
WILLIAM G. GAEDE III (136184)
wgaede@mwe.com
275 Middlefield Road, Suite 100
Menlo Park, CA 94025-4004
Telephone: +1 650 815 7400
Facsimile: +1 650 815 7401

MCDERMOTT WILL & EMERY LLP
JOSEPH R. ROBINSON (*Pro Hac Vice*)
jrobinson@mwe.com
HEATHER MOREHOUSE ETTINGER (*Pro Hac Vice*)
hettinger@mwe.com
340 Madison Avenue
New York, NY 10173
Telephone: (212) 547-5509
Facsimile: (212) 547-5444

Attorneys for *Plaintiffs/Counter-Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SHIRE LLC, SUPERNUS PHARMACEUTICALS, INC., AMY F.T. ARNSTEN, PH.D., PASKO RAKIC, M.D., and ROBERT D. HUNT, M.D.,<br><br>Plaintiffs and Counter-Defendants,<br><br>v.<br><br>IMPAX LABORATORIES, INC., WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC.–FLORIDA, WATSON PHARMA, INC., and ANDA, INC.,<br><br>Defendants and Counter-Claimants. | CASE NO. 10-CV-05467 RS<br><br>**REPLY TO COUNTERCLAIMS OF DEFENDANT IMPAX LABORATORIES, INC.** |

Pursuant to Federal Rule of Civil Procedure 7(a), Plaintiffs Shire LLC, Supernus Pharmaceuticals, Inc., Amy F.T. Arnsten, Ph.D., Pasko Rakic, M.D., And Robert D. Hunt, M.D. (collectively, "Counter-Defendants") hereby submit this Reply to the Counterclaims of Defendant Impax Laboratories, Inc. ("Counter-Claimant").

**PARTIES**

1. Counterclaimant Impax is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 30831 Huntwood Avenue, Hayward, California 94544.

**ANSWER:** Counter-Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 1 of the Counterclaims and on that basis denies them.

2. On information and belief, Counterdefendant Shire LLC is a corporation organized and existing under the laws of the State of Kentucky, having its principal place of business at 9200 Brookfield Court, Florence, Kentucky 41042.

**ANSWER:** Admitted.

3. On information and belief, Counterdefendant Supernus Pharmaceuticals is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1550 East Gude Drive, Rockville, Maryland 20850.

**ANSWER:** Admitted.

4. On information and belief, Counterdefendant Amy F.T. Arnsten is an individual with a principal place of business at Yale University School of Medicine, 333 Cedar Street, New Haven, Connecticut 06510.

**ANSWER:** Admitted.

5. On information and belief, Counterdefendant Pasko Rakic is an individual with a principal place of business at Yale University School of Medicine, 333 Cedar Street, New Haven, Connecticut 06510. On information and belief, Counterdefendant Rakic is the successor-in-interest of Patricia S. Goldman-Rakic.

**ANSWER:** Admitted.

6. On information and belief, Counterdefendant Robert D. Hunt is an individual with a principal place of business at Center for Attention and Hyperactive Disorders, 2129 Belcourt Avenue, Nashville, Tennessee 37212.

**ANSWER:** Admitted.

### JURISDICTION AND VENUE

7. This is an action for declaratory judgment that U.S. Patent Nos. 5,854,290 ("the '290 patent"), 6,287,599 ("the '599 patent"), and 6,811,794 ("the '794 patent") are invalid and/or not infringed by the commercial manufacture, use, sale, offer for sale in the United States and/or importation into the United States of the proposed guanfacine hydrochloride extended release products described in Impax's Abbreviated New Drug Application ("ANDA") No. 202238.

**ANSWER:** Counter-Defendants admit that Counter-Claimant alleges that its counterclaims are for declaratory judgment that U.S. Patent Nos. 5,854,290 ("the '290 patent"), 6,287,599 ("the '599 patent"), and 6,811,794 ("the '794 patent") are invalid and/or not infringed by the commercial manufacture, use, sale, offer for sale in the United States and/or importation into the United States of the proposed guanfacine hydrochloride extended release products described in Impax's Abbreviated New Drug Application ("ANDA") No. 202238. Counter-Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations of paragraph 7 of the Counterclaims and, therefore, deny the same.

8. This action is based upon an actual controversy between the parties concerning the invalidity and/or noninfringement of the '290, '599, and '794 patents, and Impax's right to continue to seek approval of ANDA No. 202238, and upon approval by the United States Food and Drug Administration ("FDA"), to manufacture, import, use, sell and/or offer to sell the proposed guanfacine hydrochloride extended release products described in ANDA No. 202238 in the United States.

**ANSWER:** Counter-Defendants admit that Counter-Claimant alleges that this action is based upon an actual controversy between the parties concerning the invalidity and/or noninfringement of the '290, '599, and '794 patents, and Impax's right to continue to seek approval of ANDA No. 202238, and upon approval by the United States Food and Drug

Administration ("FDA"), to manufacture, import, use, sell and/or offer to sell the proposed guanfacine hydrochloride extended release products described in ANDA No. 202238 in the United States. Counter-Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations of paragraph 87 of the Counterclaims and, therefore, deny the same.

9. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, and 35 U.S.C. § 271(e)(2).

**ANSWER:** Admitted.

10. Venue is proper under 28 U.S.C. § 1391 and 1400(b), and by Counter-Defendants' choice of forum.

**ANSWER:** Admitted.

11. Shire has alleged that it is the exclusive licensee of the '290 patent, which is entitled "Use of Guanfacine in the Treatment of Behavioral Disorders." Amy F.T. Arnsten, Patricia Goldman-Rakic, and Robert H. Hunt are the listed on the face of the '290 patent as the inventors. A copy of the '290 patent is attached hereto as Exhibit A.

**ANSWER:** Admitted.

12. Shire has alleged that it is the assignee of the '599 patent, which is entitled "Sustained Release Pharmaceutical Dosage Forms with Minimized pH Dependent Dissolution Profiles." Beth A. Burnside, Rong-Kun Chang, and Xiaodi Guo are listed on the face of the '599 patent as the inventors. A copy of the '599 patent is attached hereto as Exhibit B.

**ANSWER:** Denied. Plaintiffs' Amended Complaint specifically states:

> The '599 patent, entitled "Sustained release pharmaceutical dosage forms with minimized pH dependent dissolution profiles," was duly and legally issued on September 11, 2001 to Shire Laboratories, Inc. ("Shire Labs") upon assignment from Beth A. Burnside, Rong-Kun Chang and Xiaodi Guo. Supernus became the owner of the '599 patent upon assignment from Shire Labs. Supernus granted Shire an exclusive license under the '599 patent with respect to, *inter alia*, drug products containing the active ingredient guanfacine or salts thereof. The '599 patent is listed for INTUNIV guanfacine hydrochloride extended release tablets, Eq. 1 mg Base, Eq. 2 mg Base, Eq. 3 mg Base and Eq. 4 mg Base in the Orange Book.

13. Supernus has alleged that it is the assignee of the '794 patent, which is entitled "Sustained Release Pharmaceutical Dosage Forms with Minimized pH Dependent Dissolution Profiles." Beth A. Burnside, Rong-Kun Chang, and Xiaodi Guo are listed on the face of the '794 patent as the inventors. A copy of the '794 patent is attached hereto as Exhibit C.

**ANSWER:** Admitted.

14. The '290 patent, '599 patent, and '794 patent are listed in the FDA's Orange Book publication of approved drugs with respect to Intuniv®.

**ANSWER:** Admitted.

15. Impax has submitted ANDA No. 202238 to the FDA seeking approval for a proposed product containing guanfacine hydrochloride. Impax certified pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the commercial manufacture, use, sale, offer for sale, or importation of the proposed drug product described in ANDA No. 202238 would not infringe any valid or enforceable claim of the '290 patent, the '599 patent, or the '794 patent.

**ANSWER:** Counter-Defendants admit that they received notice that Impax has submitted ANDA No. 202238 to the FDA seeking approval for a proposed product containing guanfacine hydrochloride and that Impax certified pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the commercial manufacture, use, sale, offer for sale, or importation of the proposed drug product described in ANDA No. 202238 would not infringe any valid or enforceable claim of the '290 patent, the '599 patent, or the '794 patent. Counter-Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations of paragraph 15 of the Counterclaims and, therefore, deny the same.

16. Impax has also submitted an amendment to ANDA No. 202238 seeking approval for a proposed product containing guanfacine hydrochloride. Impax certified pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the commercial manufacture, use, sale, offer for sale, or importation of the proposed drug product described in ANDA No. 202238 as amended would not infringe any valid or enforceable claim of the '290 patent, the '599 patent, or the '794 patent.

**ANSWER:** Counter-Defendants admit that they received notice that Impax has also submitted an amendment to ANDA No. 202238 seeking approval for a proposed product

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SILICON VALLEY

1 containing guanfacine hydrochloride and that Impax certified pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the commercial manufacture, use, sale, offer for sale, or importation of the proposed drug product described in ANDA No. 202238 as amended would not infringe any valid or enforceable claim of the '290 patent, the '599 patent, or the '794 patent. Counter-Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations of paragraph 16 of the Counterclaims and, therefore, deny the same.

17. Impax notified Shire, Shire Development Inc., Supernus, Dr. Arnsten, Dr. Rakic, and Dr. Hunt of its submission of ANDA No. 202238 and its certification with respect to the '290 patent, the '599 patent, and the '794 patent.

**ANSWER:** Admitted.

18. Impax notified Shire, Shire Development Inc., Supernus, Dr. Arnsten, Dr. Rakic, and Dr. Hunt of its submission of an amendment to ANDA No. 202238 and its certification with respect to the '290 patent, the '599 patent, and the '794 patent.

**ANSWER:** Admitted.

19. On or about December 2, 2010, Counter-defendants filed a complaint against Impax for patent infringement, alleging that the submission of ANDA No. 202238 infringes the '290 patent, the '599 patent, and the '794 patent.

**ANSWER:** Admitted.

20. On or about January 4, 2011, Counter-defendants filed an amended complaint against Impax for patent infringement, alleging that the submission of ANDA No. 202238 as amended infringes the '290 patent, the '599 patent, and the '794 patent.

**ANSWER:** Admitted.

21. In view of the foregoing, a conflict of asserted rights has arisen between Impax and Counterdefendants with respect to the infringement, validity, and/or enforceability of the relevant claims of the '290, '599, and '794 patents, and as to Impax's right to obtain FDA approval to engage in the commercial manufacture, importation, use, offer for sale, and/or sale of its proposed guanfacine hydrochloride products in the United States. As a result, an actual and justiciable controversy exists between Impax and Counterdefendants with respect to the validity,

enforceability, and infringement of the '290 patent, '599 patent, and '794 patent, warranting the issuance of declaratory relief.

**ANSWER:** Counter-Defendants admit that a conflict of asserted rights has arisen between Impax and Counter-Defendants with respect to the infringement, validity, and/or enforceability of the relevant claims of the '290, '599, and '794 patents, and as to Impax's right to obtain FDA approval to engage in the commercial manufacture, importation, use, offer for sale, and/or sale of its proposed guanfacine hydrochloride products in the United States. As a result, an actual and justiciable controversy exists between Impax and Counter-defendants with respect to the validity, enforceability, and infringement of the '290 patent, '599 patent, and '794 patent. Counter-Defendants deny any and all remaining allegations in Paragraph 21.

## COUNT I

### (Declaration of Non-Infringement of the '290 Patent)

22. Impax repeats and realleges Paragraphs 1-21 as if set forth specifically herein.

**ANSWER:** Counter-Defendants repeat and reallege their answers to paragraphs 1-21 as if fully stated and set forth herein.

23. Impax does not and will not directly infringe, indirectly infringe, contribute to, or induce infringement of any valid and enforceable claim of the '290 patent by the commercial manufacture, use, sale, offer for sale, and/or importation of the proposed drug product described in Impax's ANDA No. 202238.

**ANSWER:** Denied.

## COUNT II

### (Declaration of Non-Infringement of the '599 Patent)

24. Impax repeats and realleges Paragraphs 1-23 as if set forth specifically herein.

**ANSWER:** Counter-Defendants repeat and reallege their answers to paragraphs 1-23 as if fully stated and set forth herein.

25. Impax does not and will not directly infringe, indirectly infringe, contribute to, or induce infringement of any valid and enforceable claim of the '599 patent by the commercial

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SILICON VALLEY

1 manufacture, use, sale, offer for sale, and/or importation of the proposed drug product described in Impax's ANDA No. 202238.

**ANSWER:** Denied.

## COUNT III

### (Declaration of Non-Infringement of the '794 Patent)

26. Impax repeats and realleges Paragraphs 1-25 as if set forth specifically herein.

**ANSWER:** Counter-Defendants repeat and reallege their answers to paragraphs 1-25 as if fully stated and set forth herein.

27. Impax does not and will not directly infringe, indirectly infringe, contribute to, or induce infringement of any valid and enforceable claim of the '794 patent by the commercial manufacture, use, sale, offer for sale, and/or importation of the proposed drug product described in Impax's ANDA No. 202238.

**ANSWER:** Denied.

## COUNT IV

### (Declaration of Invalidity of the '290 Patent)

28. Impax repeats and realleges Paragraphs 1-27 as if set forth specifically herein.

**ANSWER:** Counter-Defendants repeat and reallege its answers to paragraphs 1-27 as if fully stated and set forth herein.

29. One or more claims of the '290 patent are invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112 and/or 282.

**ANSWER:** Denied.

## COUNT V

### (Declaration of Invalidity of the '599 Patent)

30. Impax repeats and realleges Paragraphs 1-29 as if set forth specifically herein.

**ANSWER:** Counter-Defendants repeat and reallege its answers to paragraphs 1-29 as if fully stated and set forth herein.

31. One or more claims of the '599 patent are invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112 and/or 282.

**ANSWER:** Denied.

## COUNT VI

### (Declaration of Invalidity of the '794 Patent)

32. Impax repeats and realleges Paragraphs 1-31 as if set forth specifically herein.

**ANSWER:** Counter-Defendants repeat and reallege its answers to paragraphs 1-31 as if fully stated and set forth herein.

33. One or more claims of the '794 patent are invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112 and/or 282.

**ANSWER:** Denied.

## COUNT VII

### (Exceptional Case)

34. Impax repeats and realleges Paragraphs 1-33 as if set forth specifically herein.

**ANSWER:** Counter-Defendants repeat and reallege its answers to paragraphs 1-33 as if fully stated and set forth herein.

35. This case is exceptional under 35 U.S.C. § 285. Therefore, Counterdefendants should be ordered to pay Impax's reasonable attorneys' fees and costs under 35 U.S.C. § 285.

**ANSWER:** Counter-Defendants admit that this action is an exceptional case under 35 U.S.C. § 285, and Impax should be ordered to pay Counter-Defendants' reasonable attorneys' fees and costs under 35 U.S.C. § 285. Counter-Defendants deny any and all other allegations.

WHEREFORE, Counter-Defendants respectfully requests that the Court deny the relief requested in Counter-Claimant's Counterclaims and award Counter-Defendants their attorneys' fees and costs incurred in defending against such Counterclaims and such other relief as the Court may award.

Dated:   September 12, 2011          Respectfully submitted,

                                                    MCDERMOTT WILL & EMERY LLP

                                      By:   */s/ William G. Gaede, III*
                                                William G. Gaede, III

*Attorneys for Plaintiffs/Counter-Defendants Shire LLC, Supernus Pharmaceuticals, Inc., Amy F.T. Arnsten, Ph.D., Pasko Racik, M.D., and Robert D. Hunt, M.D.*