1 | E. Jeffrey Banchero (SBN 93077)
ejb@bancherolaw.com
2 | Scott R. Raber (SBN 194924)
sraber@bancherolaw.com
3 | THE BANCHERO LAW FIRM LLP
Four Embarcadero Center, 17th Floor
4 | San Francisco, California 94111
Telephone: 415.398.7000
5 | Facsimile: 415.616.7000

6 | John L. North (Admitted Pro Hac Vice)
jnorth@kasowitz.com
7 | Jeffrey J. Toney (Admitted Pro Hac Vice)
jtoney@kasowitz.com
8 | Laura Fahey Fritts (Admitted Pro Hac Vice)
lfritts@kasowitz.com
9 | KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1360 Peachtree Street, N.E., Suite 1150
10 | Atlanta, GA 30309
Telephone: 404.260.6080
11 | Facsimile: 404.260.6081

12 | Attorneys for Defendants,
Watson Pharmaceuticals, Inc.,
13 | Watson Laboratories, Inc.—Florida,
Watson Pharma, Inc., and Anda, Inc.

14

15                    UNITED STATES DISTRICT COURT

16                    NORTHERN DISTRICT OF CALIFORNIA

17                          SAN FRANCISCO DIVISION

18 | SHIRE LLC, SUPERNUS PHARMACEUTICALS, INC., AMY F.T. ARNSTEN, PH.D., PASKO RAKIC, M.D., and ROBERT D. HUNT, M.D.,

Plaintiffs,

v.

IMPAX LABORATORIES, INC., WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC.—FLORIDA, WATSON PHARMA, INC., and ANDA, INC.,

Defendants. | Case No. 10-CV-05467-RS

WATSON DEFENDANTS' MOTION OPPOSING SCHEDULE ENLARGEMENT

Watson Pharmaceuticals, Inc., Watson Laboratories, Inc.-Florida ("Watson-Florida") Watson Pharma, Inc., and ANDA, Inc. (collectively, "Watson Defendants") hereby oppose Plaintiffs' request to amend the Court-ordered schedule governing the above referenced litigation. Plaintiffs' motion is premature given the status of the parties' negotiations and Plaintiffs' failure to meet and confer on the issue beforehand. Plaintiffs' motion to extend the schedule against the Watson Defendants should be denied on the merits: Watson Defendants have produced Watson-Florida's ANDA, and Plaintiffs can serve infringement contentions based on the detailed information contained therein.

### 1. Plaintiffs' Motion Is Premature Given The Status of Negotiations and Lack of Meet and Confer

Plaintiffs blindsided Watson Defendants with Plaintiffs' Notice of Motion and Motion to Enlarge Case Management Schedule. Watson Defendants believed the parties remained in continued negotiations over an agreement that would eliminate the need for Court intervention on both the Protective Order and the Scheduling Order.[1] In fact, Watson Defendants had decided to accept the recently negotiated terms in the Protective Order and the Scheduling Order. Had Plaintiffs contacted Defendants before filing this motion, everyone concerned in this action could have avoided this unnecessary motion practice.

Plaintiffs also surprised Watson Defendants with their request for an additional four months to generate their infringement contentions. Until filing their motion last week, Plaintiffs contended that only one additional month was necessary for the work to be completed. Plaintiffs' motion now argues that four months are needed due to a potential for delayed production and because analyzing the produced documents will take time. Both of these arguments lack merit. As stated in detail below, Watson Defendants produced Watson-Florida's ANDA in July. Plaintiffs have had two months to review it and develop infringement contentions; they should not be given more time.

Watson Defendants contend that Plaintiffs should serve infringement contentions on Watson Defendants on October 3, as dictated by the Court-ordered case schedule. As discussed below, since

---

[1] Watson Defendants asked Plaintiffs to agree to Protective Order terms similar to those governing the Delaware action in exchange for the one month extension to serve infringement contentions. Watson Defendants proposed this compromise in an effort to eliminate the need for Court intervention on yet another issue in this case.

1

WATSON DEFENDANTS' MOTION OPPOSING
SCHEDULE ENLARGEMENT                                                                CASE NO. 10-CV-05467-RS

Watson Defendants produced Watson-Florida's ANDA in July, Plaintiffs have all of the information necessary to make infringement contentions under Patent Local Rule 3-1.

### 2. Watson Defendants Have Produced the Documentation Plaintiffs Need to Make Infringement Contentions Under Patent Local Rule 3-1.

Watson Defendants have not produced their tablets to Plaintiffs. Watson Defendants do not believe testing the tablets is necessary at this stage of litigation. The ANDA provides Plaintiffs with the details needed to serve infringement contentions under Patent Local Rule 3-1. Case law supports Watson Defendants' position. *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1248-49 (Fed. Cir. 2000).

Watson Defendants produced the ANDA to Plaintiffs on July 27, 2011. Watson-Florida's ANDA contains over 12,500 pages of information detailing their proposed ANDA Product and its development. The production lists the excipients used in the proposed ANDA product, the amount of each excipient used, the source for the excipients, and testing data for the product. This provides Plaintiffs with the information necessary to evaluate any alleged infringement of the three patents Plaintiffs have asserted against Watson Defendants.

The first patent, U.S. Patent No. 5,854,290, generally claims a method of treating a patient for various diseases using a tablet with a range of doses. Watson's ANDA teaches which diseases the tablets are approved to treat and the dosages that will be sold once the ANDA is approved.[2]

The final two patents, U.S. Patent Nos. 6,287,599 and 6,811,794 (the '794 patent), generally claim a pharmaceutical composition that contains listed excipients. As discussed above, Watson's ANDA contains detailed information on the claimed limitations. The '794 patent additionally claims methods for treating a patient with pharmaceutical composition containing listed excipients, which Watson-Florida's ANDA also addresses.

Simply put, Plaintiffs have the information they need to evaluate infringement of Watson Florida's ANDA product at this stage of litigation.

---

[2] Watson Defendants do not provide citations to where in Watson-Florida's ANDA this information is located. Plaintiffs have had Watson-Florida's ANDA for two months, which is ample time for them to locate the relevant portions of the ANDA and evaluate any alleged infringement. Watson Defendants will not do Plaintiffs' work for them.

1  Plaintiffs' arguments regarding tablets are a red herring. Not only are the tablets not
2  necessary for Plaintiffs to serve infringement contentions, but Watson Defendants also have not
3  produced tablets because of the uncertainty surrounding them. It remains unclear what protections
4  will be afforded the information produced in this litigation. No permanent protective order has been
5  executed, and it is unclear how Plaintiffs construe the restrictions on use set forth in the Interim
6  Model Protective Order. A dispute remains on how many tablets must be produced: Plaintiffs
7  request 100 tablets, but Watson Defendants believe 50 tablets are sufficient for Plaintiffs to perform
8  any necessary testing. Additionally, Plaintiffs have not filed a motion to compel production of the
9  material Plaintiffs now contend are central to their infringement contentions. Instead of moving to
10 compel, Plaintiffs seek further delay of the case.

11 **3.  Altering the Current Schedule Is Unnecessary: the Patent Local Rules Allow**
12 **Patentee to Amend Infringement Contentions at a Later Date if Necessary**

13 Furthermore, the Patent Local Rules allow a patentee to amend infringement contentions if
14 the patentee discovers new information after serving them. Patent Local Rule 3-6. If Plaintiffs'
15 testing shows that Watson-Florida's ANDA product does not conform to the specification set forth
16 in the ANDA, which will not occur, Plaintiffs can amend their pleading. The Patent Local Rules do
17 not give Plaintiffs the opportunity to delay the entire case schedule, which is calculated off of the
18 date Plaintiffs serve their infringement contentions.

19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28

3

WATSON DEFENDANTS' MOTION OPPOSING
SCHEDULE ENLARGEMENT                                                           CASE NO. 10-CV-05467-RS

| | |
|---|---|
| Dated: September 26, 2011 | THE BANCHERO LAW FIRM LLP |
| | |
| | By: _____/s/_____ |
| | E. Jeffrey Banchero |
| | Scott R. Raber |
| | Attorneys for Defendants, |
| | Watson Pharmaceuticals, Inc., Watson Laboratories, Inc.—Florida, Watson Pharma, Inc., and Anda, Inc. |
| Dated: September 26, 2011 | KASOWITZ, BENSON, TORRES & FRIEDMAN LLP |
| | |
| | By: _____/s/_____ |
| | John L. North (Admitted Pro Hac Vice) |
| | Jeffrey J. Toney (Admitted Pro Hac Vice) |
| | Laura Fahey Fritts (Admitted Pro Hac Vice) |
| | Attorneys for Defendants, |
| | Watson Pharmaceuticals, Inc., Watson Laboratories, Inc.—Florida, Watson Pharma, Inc., and Anda, Inc. |

4