William R. Zimmerman (SBN 195859)
bzimmerman@kmob.com
Sheila N. Swaroop (SBN 203476)
sswaroop@kmob.com
Benjamin A. Katzenellenbogen (SBN 208527)
bkatzenellenbogen@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Colin B. Heideman (SBN 238674)
colin.heideman@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1420 Fifth Avenue, Suite 3600
Seattle, WA 98101
Phone: (206) 405-2000
Facsimile: (206) 405-2001

Attorneys for Defendant
IMPAX LABORATORIES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHIRE LLC, SUPERNUS PHARMACEUTICALS, INC., AMY F.T. ARNSTEN, PH.D., PASKO RAKIC, M.D., and ROBERT D. HUNT, M.D.,<br><br>Plaintiffs,<br><br>v.<br><br>IMPAX LABORATORIES, INC., WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC.–FLORIDA, WATSON PHARMA, INC., and ANDA, INC.,<br><br>Defendants. | Civil Action No. 10-CV-05467 RS<br><br>**IMPAX'S OPPOSITION TO PLAINTIFFS' MOTION TO ENLARGE CASE MANAGEMENT SCHEDULE**<br><br>**Honorable Richard Seeborg** |

*1*       Defendant Impax Laboratories, Inc., ("Impax"), oppose the Motion by Plaintiffs Shire

*2* LLC, Amy F.T. Arnsten, Ph.D., Pasko Rakic, M.D., and Robert D. Hunt, M.D. (collectively,

*3* "Plaintiffs"), for "Enlargement of the Case Management Schedule."

*4* ## I. INTRODUCTION

*5*       Plaintiffs provided no notice of Impax of this unnecessary and procedurally improper

*6* Motion. Instead, Plaintiffs met and conferred with Impax regarding a ***one-month*** extension of

*7* the due date for their infringement contentions, and Impax agreed to the extension, subject to

*8* certain conditions. For example, Impax asked Plaintiffs to agree to a reciprocal extension of

*9* time for Impax to disclose its invalidity contentions, and to narrow the disputes the parties are

*10* preparing to submit to the Court regarding the Protective Order. Plaintiffs agreed to the

*11* reciprocal extension of time, and the parties were negotiating the extent of their agreement

*12* regarding the terms of the Protective Order when Plaintiffs suddenly filed this Motion.

*13* Plaintiffs filed this Motion without informing Impax that they were terminating the negotiations

*14* to seek entirely new relief.

*15*       This Motion is fundamentally improper and unfair in two ways. First, Plaintiffs are

*16* asking this Court for a ***four-month*** extension to the Case Management Schedule that Plaintiffs

*17* never discussed, or even mentioned to Impax. This Court's Local Rules do not allow for such

*18* inefficient motions.

*19*       Second, Plaintiffs' request for an extension of the Case Management Schedule is

*20* unquestionably a Motion for "Relief from Case Management Schedule" as described in Civil

*21* Local Rule 16-2(d) and Federal Rule of Civil Procedure 16(b)(4). The Local Rules require that

*22* the moving party meaningfully meet-and-confer before filing such motions and that they be duly

*23* noticed pursuant to Local Rule 7. Plaintiffs improperly captioned their Motion as a "Motion to

*24* Enlarge Case Management Schedule" and filed it on a Thursday in an effort to bring it within

*25* Civil Local Rule 6-3 and force Impax to respond in only four days, two of which were over a

*26* weekend.

*27*       There was absolutely no reason for Plaintiffs to engage in these tactics. Impax had

*28* already agreed in principle to Plaintiffs' request to extend the early part of the case schedule by

one month. If Plaintiffs had perceived a need for a further extension, Plaintiffs could have called or emailed Impax with their concerns at some point prior to preparing this Motion. Impax would have worked with – and remains willing to work with – Plaintiffs to find a reasonable resolution. If the parties had been unable to agree on a schedule, and if Plaintiffs had perceived some urgency to their request, the proper procedure would have been for Plaintiffs to file a regularly noticed motion and then potentially seek to shorten the time for Impax to oppose and for the Court to hear the Motion, either through stipulation or a true "Motion to Change Time."

As set forth below, the Court should deny Plaintiffs' Motion and allow the parties an opportunity to address Plaintiffs' scheduling concerns amongst themselves.

## II. ARGUMENT

### A. Plaintiffs' Motion is Improper and Unfair to Impax

Plaintiffs' Motion was a surprise to Impax. Until receiving this Motion, Impax was proceeding with the understanding that the parties were in the midst of ongoing negotiations to modify the scheduling order in order to provide Plaintiffs with sufficient time to prepare their infringement contentions. As recently as September 19, 2011, the parties had discussed proposed amendments to the scheduling order. (Ex. 1.)

Plaintiffs unilaterally terminated the parties' negotiations regarding modification of the scheduling order without informing Impax, and now seek entirely *new* relief from the Court that Plaintiffs had never mentioned to Impax. The new relief Plaintiffs seek would extend the entire scheduling order by *four months*. Impax was surprised by this request. Not once, in the numerous telephone and email discussions that Plaintiffs have cited in support of their diligence, was anything more than a *one-month* extension sought.

In fact, just two weeks ago, Plaintiffs reiterated that a *one-month* extension was sufficient time for Plaintiffs to prepare their infringement contentions. (Ex. 4.) Plaintiffs have now shifted their position to claim that the minimum time in which they can prepare their responses is *four months*. Plaintiffs have not offered any explanation for their change in

position, and the inconsistency in Plaintiffs' position underscores the inappropriateness of filing this Motion without first raising the issue with Impax.

Plaintiffs' surprise Motion accomplishes little, aside from the unnecessary expenditure of time and resources by Impax and the Court. Impax reached out to Plaintiffs on Friday and again over the weekend to try to set up a time to discuss these and other related case management issues and continue to be willing to discuss these issues. (Exs. 1, 3). Impax has offered to produce its ANDA while the parties work out disputes over the protective order, but Plaintiffs were unwilling to accept any interim restrictions while the protective order was being resolved. (Exs. 3, 5, 6). As a result, Impax was forced to file this Opposition because the parties had not yet reached agreement within the two business day window created by Plaintiffs' premature and procedurally improper filing. The Court should deny Plaintiffs' Motion as procedurally defective and give the parties an opportunity to negotiate any proposed amendments to the scheduling order amongst themselves in the first instance before raising any disputes with the Court.

**B.** **Plaintiffs' Motion is Properly Read as a Motion for Relief from the Case Management Schedule and Fails to Satisfy the Requirements of Local Rule 16-2(d)**

Plaintiffs' Motion is not a motion to change time pursuant to Local Rules 6-1 and 6-3. Those rules are designed to allow parties to request minor modifications to individual Court deadlines and due dates for papers to be filed or lodged with the Court. *See* Civil Local Rule 6-1. Such minor motions involve limited briefing (five pages) and a limited time to oppose (four days). *Id.* at 6-3. This Motion does not fall under these provisions because Plaintiffs are not seeking an enlargement of time to file a paper or meet a deadline.

Rather, Plaintiffs are asking the Court to modify the entire Case Management Schedule pursuant to Federal Rule 16(b)(4). (*See* Pls.' Mot. to Enlarge Case Management Schedule at 1 and 2.) However, Plaintiffs are attempting to avoid the requirements associated with seeking such major relief by improperly characterizing their Motion as one for enlargement of time. Notwithstanding how Plaintiffs captioned this Motion, Plaintiffs' Motion is a motion for relief

1  from the case management schedule.  As such, Plaintiffs need to comply with the procedural
2  requirements of Federal Rule 16(b)(4) and Local Rule 16-2(d).

3  As Plaintiffs point out, Federal Rule 16(b)(4) allows a scheduling order to be modified
4  for good cause and with the Court's consent.  Fed. R. Civ. P. 16(b)(4).  Plaintiffs inexplicably
5  ignore that Local Rule 16-2(d) sets forth the requirements for seeking relief from an obligation
6  imposed by Rule 16.  Local Rule 16-2(d) requires that, "counsel for the moving party has
7  conferred with all other counsel in an effort to reach agreement about the matter and, for each
8  other party, report whether that party supports or opposes the request for relief[.]"  Civil Local
9  Rule 16-2(d)(2).  The Local Rule also requires that the moving party file, serve, and notice any
10 such motion pursuant to Local Rule 7.  *Id.*  Plaintiffs did neither of these things.

11 Plaintiffs made no effort whatsoever to meet-and-confer prior to filing this Motion
12 regarding their new proposal for a ***four-month*** modification to the scheduling order.  The last
13 communication from Plaintiffs, on September 15, 2011, still addressed only the originally
14 proposed one-month extension that the parties were negotiating when Plaintiffs filed this
15 Motion. (Ex. 4).

16 Plaintiffs never broached the subject of a ***four-month*** modification of the Scheduling
17 Order with Impax.  Accordingly, Plaintiffs have not and cannot truthfully affirm that they
18 conferred with all counsel in an effort to reach an agreement on the relief they request in their
19 Motion.  Plaintiffs have also failed to report whether each party supports or opposes the
20 requested relief because the parties still have not had a meaningful chance to discuss it and
21 determine how Plaintiffs' request would fit in with the overall FDA regulatory structure that
22 forms the background for these cases.

23 In addition to attempting to circumvent the meet and confer requirements of Local Rule
24 16-2(d)(2), Plaintiffs have also improperly minimized Impax's time to respond.  A motion to
25 amend the case management schedule is subject to the normal rules of motion practice set forth
26 in Local Rule 7.  *See* Civil Local Rule 16-2(d).  Under Local Rule 7, a party generally has
27 fourteen days to file an opposition to a motion.  Civil Local Rule 7-3(a).  By improperly
28 captioning their Motion as one for enlargement of time, Plaintiffs attempted to cut Impax's time

to respond from fourteen days to just four. *Compare* Local Rule 7-3(a) *to* Local Rule 6-3(c). Even worse, Plaintiffs specifically timed the filing of their motion so as to ensure that two of Impax's four days to respond fell over a weekend. This issue was specifically brought to Plaintiffs' attention, and Plaintiffs refused to re-notice the Motion. (Ex. 2.) Plaintiffs' approach also severely limited the parties' ability to discuss these issues between the time Plaintiffs filed this Motion and Impax's Opposition was due. Plaintiffs' strategy is inappropriate and improper under the Local Rules.

Plaintiffs' perfunctory request for attorneys' fees and costs for preparing this improper motion without first discussing it with Impax is also inappropriate. If any party is entitled to costs and fees, the Court should award them to Impax for having to respond to an unnecessary and procedurally defective Motion that never should have been brought.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion should be denied in its entirety. To the extent the Court believes that an award of attorneys' fees or costs is appropriate, the Court should award them to Impax.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 26, 2011    By: /s/ *Sheila N. Swaroop*
William R. Zimmerman
Sheila N. Swaroop
Benjamin A. Katzenellenbogen
Colin B. Heideman

Attorneys for Defendant
IMPAX LABORATORIES, INC.

11968891