MCDERMOTT WILL & EMERY LLP
WILLIAM G. GAEDE, III (136184)
wgaede@mwe.com
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
Telephone:     (650) 815-7400
Facsimile:     (650) 815-7401

MCDERMOTT WILL & EMERY LLP
JOSEPH R. ROBINSON (*Pro Hac Vice*)
jrobinson@mwe.com
HEATHER MOREHOUSE ETTINGER (*Pro Hac Vice*)
Hettinger@mwe.com
340 Madison Avenue
New York, NY 10173
Telephone:     (212) 547-5509
Facsimile:     (212) 547-5444

Attorneys for *Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHIRE LLC, SUPERNUS PHARMACEUTICALS, INC., AMY F.T. ARNSTEN, PH.D., PASKO RAKIC, M.D., and ROBERT D. HUNT, M.D., <br><br> Plaintiffs, <br> v. <br><br> IMPAX LABORATORIES, INC., WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC.–FLORIDA, WATSON PHARMA, INC., and ANDA, INC., <br><br> Defendants. | No. 10-CV-05467 RS <br><br> **REPLY MEMORANDUM TO WATSON DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ENLARGE TIME** <br><br> **Hon. Richard Seeborg** |

## I. INTRODUCTION

Plaintiffs have moved to enlarge the Case Management Schedule. The Watson Defendants ("Watson") have opposed. Watson's arguments fail under scrutiny. Their continued refusal to produce the samples necessitates the requested extension of time.

## II. ARGUMENT

### A. THE PARTIES HAVE MET AND CONFERRED; WATSON'S CHARACTERIZATIONS OF THESE COMMUNICATIONS ARE MISLEADING

Watson argues that Plaintiffs' Motion "blindsided" them because they "believed the parties remained in continued negotiations" regarding modifying the scheduling order. Watson Opp. [Dkt. No. 113] at p. 1. However, the last communication regarding these negotiations was an e-mail from Plaintiffs to Defendants on September 15, 2011, *i.e.*, a week prior to the filing of Plaintiffs' Motion. (Second Ettinger Decl., ¶ 10 and First Ettinger Decl., Exh. 21.) Defendants never responded to this e-mail or made any further contact with Plaintiffs prior to the filing of Plaintiffs' Motion. (Second Ettinger Decl., ¶ 10.) Defendants' non-responsiveness and the impending October 3rd deadline for Infringement Contentions compelled the present motion.

Watson also states that "Watson Defendants had decided to accept the recently negotiated terms in the Protective Order and the Scheduling Order." Watson Opp. [Dkt. No. 113] at p. 1. Plaintiffs' efforts to obtain a stipulation to enlarge time are set forth in Plaintiffs' Motion. Plaintiffs' Motion [Dkt. No. 111] at pp. 3-4. Watson did not communicate with Plaintiffs during the entire week between Plaintiffs' September 15th e-mail and the filing of their motion. (Second Ettinger Decl., ¶ 10.) Watson cannot expect Plaintiffs to take its total silence and a complete lack of cooperation as an unqualified acceptance.

### B. ALTHOUGH WATSON HAS PRODUCED ITS ANDA, IMPAX HAS NOT

While Watson has produced its ANDA (but still refuses to produce samples of its proposed product), Plaintiffs have not received Impax's ANDA or samples. Therefore, Plaintiffs have no information whatsoever to inform their contentions against Impax for the two formulation patents-in-suit[1]. Were Plaintiffs to, as Watson contends they should, serve their

---

[1] U.S. Patent Nos. 6,287,599 and 6,811,794.

Infringement Contentions on Watson on October 3rd, there would be two schedules in this case: one for Watson and another for Impax.  Such a split schedule would create great inefficiencies and increased costs for both Plaintiffs and the Court for the remainder of this litigation.

### C.  WATSON'S HAS NOT PRODUCED THE DOCUMENTATION NECESSARY FOR PLAINTIFFS TO MAKE INFRINGEMENT CONTENTIONS

Watson alleges that it has produced the documentation necessary for Plaintiffs to make their Infringement Contentions.  Watson Opp. [Dkt. No. 114] at p. 2.  Watson is not the arbiter of what Plaintiffs may or may not request and what is necessary or not.  Rather, the Federal Rules of Civil Procedure, the Patent Local Rules, Plaintiffs' discovery requests, and the case law dictate what Watson must produce, and this includes the samples.  First, this is an ANDA litigation concerning Watson's proposed ANDA product.  Accordingly, samples of its product (which are only available from Watson) clearly fall within the scope of relevant, nonprivileged matter set forth in Fed. R. Civ. P 26(b).  Second, Watson has no legitimate objection to producing its samples immediately in accordance with P.L.R. 2-5.  Additionally, the Federal Circuit recognizes that in an ANDA litigation "the question of infringement must focus on what the ANDA applicant will likely market if its application is approved."  *Glaxo, Inc. v. Norpharm, Ltd.*, 110 F.3d 1562, 1569 (Fed. Cir. 1997).  Samples are essential to this inquiry.

### D.  THE CONDITIONS WATSON PLACES ON THE RECEIPT OF THE REQUESTED SAMPLES ARE UNACCEPTABLE AND CONTRARY TO THE LOCAL RULES

Watson acknowledges in its Opposition that it is has not produced the requested tablet samples because a permanent protective order has not been executed.  Watson Opp. [Dkt. No. 113] at p. 3.  As Plaintiffs explained numerous times (First Ettinger Decl., Exhs. 4 and 6), this is in direct contravention of P.L.R. 2-2.

### E.  AN AMENDMENT OF PLAINTIFFS' INFRINGEMENT CONTENTIONS BECAUSE OF WATSON'S FAILURE TO PRODUCE THE REQUESTED SAMPLES WOULD BE A WASTE OF THE COURT'S AND PLAINTIFFS' TIME AND RESOURCES

Watson alleges that Plaintiffs should simply amend their Infringement Contentions if they discover new information after initially serving them.  Watson Opp. [Dkt. No. 113] at p. 4.  An amendment, however, would be a waste of the Court's and Plaintiffs' time and resources that could have been averted simply by Watson producing the requested samples, as required, for

1   example, by P.L.R. 2-2 and 2-5.  Watson chose to ignore the Local Rules, and Plaintiffs should
2   not suffer because of that.

### F. A FOUR MONTH EXTENSION IS NECESSARY, AS WATSON STILL REFUSES TO PRODUCE THE REQUESTED SAMPLES

Plaintiffs are requesting more time than the one month originally proposed to Defendants because (i) almost one month has already passed since discussions began, (ii) the October 3rd Infringement Contentions deadline is imminent, (iii) Watson has still not produced the requested samples, and (iv) studying them once they are produced will take some time.

### III. CONCLUSION

For the foregoing reasons and the reasons set forth in Plaintiffs' memorandum in support of their motion, Plaintiffs' respectfully request that the Court grant the requested relief, attorneys' fees and costs of these motions, and such other relief as the Court may order.

Dated:     September 28, 2011          MCDERMOTT WILL & EMERY LLP

                                  By:     */s/ William G. Gaede, III*
                                          William G. Gaede, III

                                       Attorneys for Plaintiffs
                                       *Shire LLC, Supernus Pharmaceuticals, Inc.,
                                       Amy F.T. Arnsten, Ph.D., Pasko Racik, M.D.,
                                       and Robert D. Hunt, M.D.*