MCDERMOTT WILL & EMERY LLP
WILLIAM G. GAEDE, III (136184)
wgaede@mwe.com
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
Telephone:      (650) 815-7400
Facsimile:      (650) 815-7401

MCDERMOTT WILL & EMERY LLP
JOSEPH R. ROBINSON (*Pro Hac Vice*)
jrobinson@mwe.com
HEATHER MOREHOUSE ETTINGER (*Pro Hac Vice*)
Hettinger@mwe.com
340 Madison Avenue
New York, NY 10173
Telephone:      (212) 547-5509
Facsimile:      (212) 547-5444

Attorneys for *Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHIRE LLC, SUPERNUS PHARMACEUTICALS, INC., AMY F.T. ARNSTEN, PH.D., PASKO RAKIC, M.D., and ROBERT D. HUNT, M.D.,<br><br>Plaintiffs,<br><br>v.<br><br>IMPAX LABORATORIES, INC., WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC.–FLORIDA, WATSON PHARMA, INC., and ANDA, INC.,<br><br>Defendants. | No. 10-CV-05467 RS<br><br>**REPLY MEMORANDUM TO DEFENDANT IMPAX'S OPPOSITION TO PLAINTIFFS' MOTION TO ENLARGE TIME**<br><br>**Hon. Richard Seeborg** |

## I. INTRODUCTION

Plaintiffs have moved to enlarge the Case Management Schedule. Impax has opposed, but Impax's Opposition is all about form and lacks substance. Impax's continued refusal to produce its ANDA and samples necessitates the extension of time requested by Plaintiffs.

## II. ARGUMENT

### A. THE PARTIES HAVE MET AND CONFERRED; IMPAX'S CHARACTERIZATIONS OF THESE COMMUNICATIONS ARE ERRONEOUS AND MISLEADING

Impax argues that Plaintiffs' Motion was a "surprise" because Impax believed that negotiations on modifying the scheduling order were ongoing. Impax Opp. [Dkt. No. 114] at p. 2. Impax makes several erroneous and misleading statements to justify its disingenuous belief, however. First, Impax states, "As recently as September 19, 2011, the parties had discussed proposed amendments to the scheduling order. (Exh. 1)." *Id*. However, there were no communications between Plaintiffs and Impax or between Plaintiffs and the Watson co-defendants on September 19, 2011.[1] (Second Ettinger Decl., ¶ 10.)

Impax also states, "Impax had already agreed in principle to Plaintiffs' request to extend the early part of the case schedule by one month." Impax Opp. [Dkt. No. 114] at p. 1-2. However, this alleged agreement came with untenable conditions. A September 13th e-mail from Ms. Fahey Fritts (Watson's counsel of record) indicated that Defendants would accept Plaintiffs' proposal "in exchange for Plaintiffs accepting Defendants' edits to the protective order." (First Ettinger Decl., Exh. 19.) Plaintiffs countered the next day that they would agree to some, but not all of Defendants' edits. (First Ettinger Decl., Exh. 20.) Impax, however, either on its own or via Watson, never responded to Plaintiffs' counter-proposal prior to serving its Opposition. (Second Ettinger Decl., ¶ 6.) Furthermore, Impax did not comment on or even acknowledge the protective order language that Plaintiffs and Watson Defendants negotiated subsequent to Plaintiffs' counter-proposal. (Second Ettinger Decl., ¶ 6; First Ettinger Decl., Exh. 21.) Impax did not communicate with Plaintiffs during the eight day period between Plaintiffs' counter-proposal and

---

[1] Exh. 1 in Impax's Opposition is actually an e-mail dated September 23, 2011, from counsel for Watson to counsel for Plaintiffs.

DM_US 30250394-2.085199.0893 - 1 - REPLY TO IMPAX OPP. RE PLTFS' M/ENLARGE CASE MANAGEMENT ORDER CASE NO. 10-CV-05467 RS

the filing of the present motion. (Second Ettinger Decl., ¶ 6.) Impax cannot expect Plaintiffs to take its total silence and lack of cooperation as an agreement.

Impax also argues that Plaintiffs' Motion is unnecessary. Impax Opp. [Dkt. No. 114] at p. 3. However, Impax relies on communications that actually demonstrate Impax's lack of any good faith effort to resolve the issues at hand and Impax's lack of any understanding of the status or course of negotiations. Impax Opp. [Dkt. No. 114] at p. 3. Specifically, Impax innocently states, "Impax reached out to Plaintiffs . . . again over the weekend . . . to try and set up a time to discuss these . . . issues." Impax Opp. [Dkt. No. 114] at p. 3. However, the only communications Plaintiffs received from Impax "over the weekend" were (1) an e-mail of 3:44 AM EDT Saturday, September 24, 2011 (Second Ettinger Decl., Exh. 22), and (2) an e-mail of later that Saturday, September 24 (Second Ettinger Decl., Exh. 23), referring to a September 9, 2011, letter by Plaintiffs which Impax claims discussed the draft Protective Order, but which actually discussed Plaintiffs' Proposed Stipulated Motion to Enlarge Time, not the protective order. (First Ettinger Decl., Exh. 18.) The present motion had already been filed because the Infringement Contentions deadline was only days away and Impax had refused to engage in meaningful discussion or discovery before then. (Plaintiffs' efforts to obtain a stipulation to enlarge time are set forth in detail in Plaintiffs' Motion. Plaintiffs' Motion. [Dkt. No. 111] at pp. 3-4.) Plaintiffs replied promptly to Impax's ill-timed and confused e-mails on Monday, September 26. (Second Ettinger Decl., Exh. 24.)

**B. THE CONDITIONS IMPAX PLACES ON THE RECEIPT OF THE REQUESTED DOCUMENTS AND SAMPLES ARE UNACCEPTABLE AND CONTRARY TO THE LOCAL RULES**

Impax acknowledges in its Opposition that it is requiring Plaintiffs to agree to interim restrictions before it will produce its ANDA. Impax Opp. [Dkt. No. 114] at p. 3. As Plaintiffs explained numerous times (First Ettinger Decl., Exhs. 3, 5, and 7), this is in direct contravention of Patent L.R. 2-2.

**C. PLAINTIFFS' MOTION IS PROPER UNDER CIVIL L.R. 6-1 AND 6-3.**

Impax alleges that Plaintiffs' Motion is not proper under Civil L.R. 6-1 and 6-3 because "[t]hose rules are designed to allow parties to request minor modifications to individual Court

DM_US 30250394-2.085199.0893 - 2 - REPLY TO IMPAX OPP. RE PLTFS' M/ENLARGE CASE MANAGEMENT ORDER CASE NO. 10-CV-05467 RS

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

deadlines and due dates for paper to be filed or lodged with the Court. *See* Civil Local Rule 6-1." Impax Opp. D.I. 114 at p. 3. Nowhere, however, does Civil L.R. 6-1 or 6-3 refer to "minor modifications." Furthermore, contrary to Impax's characterization, neither rule limits itself to "individual Court deadlines and due dates for paper to be filed or lodged with the Court." Actually, Civil L.R. 6-1 expressly contemplates the enlargement of "time in matters not required to be filed or lodged with the Court." Civil L.R. 6-1(a). Impax alleges that Plaintiffs failed the meet and confer requirement set forth in Civil L.R. 16-2(d). Impax Opp. [Dkt. No. 114] at p. 4. However, as discussed in Section A above and in Plaintiffs' moving memorandum, Plaintiffs repeatedly met and conferred (or at least attempted to) on the issues at hand. Plaintiffs' Motion. D.I. 111. Impax also alleges failure to comply with Civil L.R. 7. However, Impax's reference to Civil L.R. 7 falls flat; Civil L.R. 7 expressly includes motions to enlarge time under Civil L.R. 6-1, such as Plaintiffs' Motion.

### D. A FOUR MONTH EXTENSION IS NECESSARY, AS IMPAX STILL REFUSES TO PRODUCE THE REQUESTED DOCUMENTS AND SAMPLES

Plaintiffs are requesting more time than the one month originally proposed to Defendants because (i) almost one month has already passed since discussions began, (ii) the October 3 Infringement Contentions deadline is imminent, (iii) Impax has still not produced the requested documents and samples, and (iv) studying them once they are produced will take some time.

## III. CONCLUSION

For the foregoing reasons and the reasons set forth in Plaintiffs' memorandum in support of their motion, Plaintiffs' respectfully request that the Court grant the requested relief, attorneys' fees and costs of these motions, and such other relief as the Court may order.

Dated:  September 28, 2011        MCDERMOTT WILL & EMERY LLP

                                  By:    */s/ William G. Gaede, III*
                                         William G. Gaede, III

                                  Attorneys for Plaintiffs
                                  *Shire LLC, Supernus Pharmaceuticals, Inc.,
                                  Amy F.T. Arnsten, Ph.D., Pasko Racik, M.D.,
                                  and Robert D. Hunt, M.D.*

DM_US 30250394-2.085199.0893        - 3 -        **REPLY TO IMPAX OPP. re PLTFS'
                                                 M/ENLARGE CASE MANAGEMENT ORDER
                                                 CASE NO. 10-CV-05467 RS**