| | |
|---|---|
| 1 | MCDERMOTT WILL & EMERY LLP |
| | WILLIAM G. GAEDE, III (136184) |
| 2 | wgaede@mwe.com |
| | 275 Middlefield Road, Suite 100 |
| 3 | Menlo Park, CA 94025 |
| | Telephone:     (650) 815-7400 |
| 4 | Facsimile:     (650) 815-7401 |
| | |
| | MCDERMOTT WILL & EMERY LLP |
| 5 | JOSEPH R. ROBINSON (*Pro Hac Vice*) |
| | jrobinson@mwe.com |
| 6 | HEATHER MOREHOUSE ETTINGER (*Pro Hac Vice*) |
| | Hettinger@mwe.com |
| 7 | 340 Madison Avenue |
| | New York, NY 10173 |
| 8 | Telephone:     (212) 547-5509 |
| | Facsimile:     (212) 547-5444 |
| 9 | Attorneys for *Plaintiffs* |
| 10 | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| | WILLIAM R. ZIMMERMAN (SBN 195859) |
| 11 | bzimmerman@kmob.com |
| | SHEILA N. SWAROOP (SBN 203476) |
| 12 | sswaroop@kmob.com |
| | BENJAMIN A. KATZENELLENBOGEN (SBN 208527) |
| 13 | bkatzenellenbogen@kmob.com |
| | 2040 Main Street |
| | Fourteenth Floor |
| 14 | Irvine, CA 92614 |
| | Telephone:     (949) 760-0404 |
| 15 | Facsimile:     (949) 760-9502 |
| 16 | Attorneys for *Impax Laboratories, Inc.* |
| 17 | THE BANCHERO LAW FIRM LLP |
| | E. JEFFREY BANCHERO (SBN 93077) |
| | ejb@bancherolaw.com |
| 18 | SCOTT R. RABER (SBN 194924) |
| | sraber@bancherolaw.com |
| 19 | Four Embarcadero Center, 17th Floor |
| | San Francisco, California 94111 |
| 20 | Telephone:     (415) 398-7000 |
| | Facsimile:     (415) 616-7000 |
| 21 | |
| | KASOWITZ, BENSON, TORRES & FRIEDMAN LLP |
| 22 | JOHN L. NORTH (*Pro Hac Vice*) |
| | jnorth@kasowitz.com |
| 23 | JEFFREY J. TONEY (*Pro Hac Vice*) |
| | jtoney@kasowitz.com |
| 24 | LAURA FAHEY FRITTS (*Pro Hac Vice*) |
| | lfritts@kasowitz.com |
| 25 | 1360 Peachtree Street, N.E., Suite 1150 |
| | Atlanta, Georgia 30309 |
| 26 | Telephone:     (404) 260-6080 |
| | Facsimile:     (404) 260-6081 |
| 27 | Attorneys for *Watson Pharmaceuticals, Inc., Watson Laboratories, Inc.—Florida, Watson Pharma, Inc., and Anda, Inc.* |
| 28 | |

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

DM_US 30332341-1.085199.0893

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHIRE LLC, SUPERNUS PHARMACEUTICALS, INC., AMY F.T. ARNSTEN, PH.D., PASKO RAKIC, M.D., and ROBERT D. HUNT, M.D.,<br><br>Plaintiffs,<br>v.<br><br>IMPAX LABORATORIES, INC., WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC.–FLORIDA, WATSON PHARMA, INC., and ANDA, INC.,<br><br>Defendants. | No.  10-CV-05467 RS<br><br>**JOINT NOTICE OF DISPUTES ON PROTECTIVE ORDER**<br><br>Hon. Richard Seeborg |

The parties file this document concurrently with the Stipulated Protective Order proposed for this litigation. The Stipulated Protective Order shows the parties' disagreements on specific terms in brackets. Plaintiffs and Defendants set forth argument supporting their positions for each point of disagreement below.

**Section 2.8**:

Plaintiffs' position: Defendants are requesting the addition of language that does not appear in the NDCA Model Protective Order to Section 2.8. Specifically, Defendants are requesting the enumeration of types of Highly Confidential Information or Items. Plaintiffs will agree to Defendants' proposed list if this listing is preceded by the language "may include certain" in order to make it clear that such Information or Items may be, but are not *per se*, Highly Confidential. Any advance *per se* classification of information as Highly Confidential may lead to the erroneous labeling of some information as Highly Confidential.

Watson Defendants' position: Watson defendants do not take a position on this section.

Impax's position: The Protective Order should identify the types of technical, regulatory, and financial information that would be appropriately designated as Highly Confidential.

1 Disclosure of product and manufacturing specifications, research and development documents,
2 regulatory applications, pending patent applications, and marketing plans and strategies to anyone
3 other than outside counsel and experts would cause irreparable harm. Plaintiffs' suggested
4 revisions would render the provision meaningless.

5 **Section 7.3(b)**:

6 Plaintiffs' position: Plaintiffs propose three (3) Designated House Counsel for each of
7 Shire, Supernus, Impax, and Watson, in order to allow for the fact that there are multiple
8 independent plaintiffs in this case.

9 Watson Defendants' position: Watson Defendants agree that three (3) Designated House
10 Counsel for each of Shire, Supernus, Impax, and Watson should be granted access to highly
11 confidential information.

12 Impax's position: Limiting each of Shire, Supernus, Impax and Watson to disclosing
13 Highly Confidential information to two (2) designated in-house counsel will reduce the risk of
14 inadvertent use or disclosure without reducing their ability to effectively litigate this case.

15 **Section 8(a)**:

16 Plaintiffs' position: Plaintiffs propose modification of Section 8(a) in order prevent
17 individuals who receive access to Highly Confidential Information from being involved in the
18 representation of a party challenging a patent under which any other party in the action has any
19 right, title or interest. Plaintiffs believe such a bar is consistent with the patent prosecution bar
20 language set forth in the Model Section 8. Just as the patent prosecution bar prevents the improper
21 use of competitive product information to obtain claims covering competitive products, it should
22 prevent the improper use of such information for challenging a patent before a domestic or
23 foreign patent agency. Highly Confidential competitive and market information pertaining to, for
24 example, secondary considerations of non-obviousness, such as commercial success or long-felt
25 need, is routinely exchanged during the course of a Hatch-Waxman litigation such as the present
26 case. To allow the use of such Highly Confidential information in a patent challenge would pose
27 an unfair advantage in the planning and execution of such challenges. Furthermore, Defendants'
28 position regarding Plaintiffs' proposed modification to Section 8 is entirely inconsistent with their

1  position set forth in Section 7.1, in which Defendants expressly state "Furthermore, any Protected

2  Material disclosed in this litigation shall not be used in any other litigation..."

3  <u>Watson Defendants' position</u>: Watson Defendants do not take a position on this section.

4  <u>Impax's position</u>: The parties agree that persons who receive Highly Confidential

5  Information cannot erase it from their minds and should not be allowed to participate in the

6  process of *obtaining* patents on related subject matter. The risk that Highly Confidential

7  information regarding competitive products would be used (intentionally or unintentionally) to

8  draft claims covering those competitive products is simply too great. However, there is no reason

9  the patent prosecution bar should preclude participation in activities *challenging* patents before

10  the Patent Office. Such activities do not carry the same risk of improperly using competitive

11  product information. Such activities are analogous to challenging the validity of patents through

12  this litigation, and it would be needlessly burdensome for the parties to have to retain separate

13  outside counsel for such closely related activities.

14  **Section 8(b):**

15  <u>Plaintiffs' position</u>: Impax's proposed language goes far beyond what is necessary. The

16  Model is sufficient and is clear on how Highly Confidential Information can be used. The Model

17  restricts the use of Highly Confidential Information by those entitled to receive it. Plaintiffs have

18  agreed to additional use restrictions here as part of compromise discussions with Defendants.

19  Nothing more is needed. Furthermore, it would be needlessly burdensome for the parties to have

20  to retain separate outside counsel or maintain separate in-house counsel for such closely related

21  activities.

22  <u>Watson Defendants' position</u>: While Watson Defendants prefer Impax's proposal in this

23  regard, Watson Defendants agreed to Plaintiffs' proposal as part of compromise discussions.

24  <u>Impax's position</u>: This Section should also prohibit persons with access to Highly

25  Confidential information from participating in or submitting Citizen's Petitions to the FDA and

26  related activities. Plaintiffs' objection to this language confirms the necessity of including it, as

27  Plaintiffs would not object to Defendants' proposal unless individuals who may access Highly

28  Confidential information are also involved in Citizen's Petitions or FDA related activities.

As with obtaining patents, the risk that Highly Confidential information regarding competitive products would be used (intentionally or unintentionally) to draft regulatory correspondence requesting action adverse to those competitive products is simply too great, and persons with access to Highly Confidential information should be precluded from participating in such activities.

DATED this 4th day of October 2011.

MCDERMOTT WILL & EMERY LLP

By: */s/ William G. Gaede, III*
William G. Gaede, III

*Attorneys for Plaintiffs*

KNOBBE, MARTENS, OLSON & BEAR LLP

By: */s/ Sheila N. Swaroop*
Sheila N. Swaroop

*Attorneys for Impax Laboratories, Inc.*

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

By: */s/ Laura Fahey Fritts*
Laura Fahey Fritts

*Attorneys for Watson Pharmaceuticals, Inc., Watson Laboratories, Inc.—Florida, Watson Pharma, Inc., and Anda, Inc.*