1   MCDERMOTT WILL & EMERY LLP
    WILLIAM G. GAEDE, III (136184)
2   wgaede@mwe.com
    275 Middlefield Road, Suite 100
3   Menlo Park, CA 94025
    Telephone:      (650) 815-7400
4   Facsimile:      (650) 815-7401

5   MCDERMOTT WILL & EMERY LLP
    JOSEPH R. ROBINSON (*Pro Hac Vice*)
6   jrobinson@mwe.com
    HEATHER MOREHOUSE ETTINGER (*Pro Hac Vice*)
7   Hettinger@mwe.com
    340 Madison Avenue
    New York, NY 10173
8   Telephone:      (212) 547-5509
    Facsimile:      (212) 547-5444

9   Attorneys for *Plaintiffs*

10  KNOBBE, MARTENS, OLSON & BEAR, LLP
    WILLIAM R. ZIMMERMAN (SBN 195859)
11  bzimmerman@kmob.com
    SHEILA N. SWAROOP (SBN 203476)
12  sswaroop@kmob.com
    BENJAMIN A. KATZENELLENBOGEN (SBN 208527)
13  bkatzenellenbogen@kmob.com
    2040 Main Street
    Fourteenth Floor
14  Irvine, CA 92614
    Telephone:      (949) 760-0404
15  Facsimile:      (949) 760-9502

16  Attorneys for *Impax Laboratories, Inc.*

17  THE BANCHERO LAW FIRM LLP
    E. JEFFREY BANCHERO (SBN 93077)
18  ejb@bancherolaw.com
    SCOTT R. RABER (SBN 194924)
19  sraber@bancherolaw.com
    Four Embarcadero Center, 17th Floor
20  San Francisco, California 94111
    Telephone:      (415) 398-7000
21  Facsimile:      (415) 616-7000

22  KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
    JOHN L. NORTH (*Pro Hac Vice*)
    jnorth@kasowitz.com
23  JEFFREY J. TONEY (*Pro Hac Vice*)
    jtoney@kasowitz.com
24  LAURA FAHEY FRITTS (*Pro Hac Vice*)
    lfritts@kasowitz.com
25  1360 Peachtree Street, N.E., Suite 1150
    Atlanta, Georgia 30309
26  Telephone:      (404) 260-6080
    Facsimile:      (404) 260-6081

27  Attorneys for *Watson Pharmaceuticals, Inc.,Watson Laboratories,
    Inc.—Florida,Watson Pharma, Inc., and Anda, Inc.*

28

1    IN THE UNITED STATES DISTRICT COURT

2    IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

3    SAN FRANCISCO DIVISION

4

5    SHIRE LLC, SUPERNUS PHARMACEUTICALS, INC., AMY F.T. ARNSTEN, PH.D., PASKO RAKIC, M.D., and ROBERT D. HUNT, M.D.,

6

7                    Plaintiffs,

         v.

8

9    IMPAX LABORATORIES, INC., WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC.–FLORIDA, WATSON PHARMA, INC., and ANDA, INC.,

10

11

12                   Defendants.

No.  10-CV-05467 RS

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

**Hon. Richard Seeborg**

13

14          Plaintiffs and Defendants to this action set forth the proposed stipulated protective order

15   below.  All points of disagreement are shown in brackets.  The parties set forth the bases for their

16   positions in the Disputes on Protective Order document filed concurrently with the Protective

17   Order.

18   1.      PURPOSES AND LIMITATIONS

19          Disclosure and discovery activity in this action are likely to involve production of

20   confidential, proprietary, or private information for which special protection from public

21   disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

22   Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

23   Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

24   all disclosures or responses to discovery and that the protection it affords from public disclosure

25   and use extends only to the limited information or items that are entitled to confidential treatment

26   under the applicable legal principles.  The parties further acknowledge, as set forth in Section

27   14.4 below, that this Stipulated Protective Order does not entitle them to file confidential

28

1    information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and

2    the standards that will be applied when a party seeks permission from the court to file material

3    under seal.

4    2.      DEFINITIONS

5            2.1     Challenging Party:   a Party or Non-Party that challenges the designation of

6    information or items under this Order.

7            2.2     "CONFIDENTIAL" Information or Items:   information (regardless of how it is

8    generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

9    of Civil Procedure 26(c).

10           2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as

11   well as their support staff).

12           2.4     Designated House Counsel:   House Counsel who seek access to "HIGHLY

13   CONFIDENTIAL - ATTORNEYS' EYES ONLY" information in this matter.

14           2.5     Designating Party:  a Party or Non-Party that designates information or items that

15   it produces in disclosures or in responses to discovery as "CONFIDENTIAL," or "HIGHLY

16   CONFIDENTIAL - ATTORNEYS' EYES ONLY."

17           2.6     Disclosure or Discovery Material:   all items or information, regardless of the

18   medium or manner in which it is generated, stored, or maintained (including, among other things,

19   testimony, transcripts, and tangible things), that are produced or generated in disclosures or

20   responses to discovery in this matter.

21           2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to

22   the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or

23   as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's

24   competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party

25   or of a Party's competitor.

26

27

28

-2-

2.8 "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means and [*Plaintiffs propose the following language:* "may include certain,"; *Impax proposes the following language:* "includes,"; *Watson has not taken a position on this section.*] but is not limited to, technical, regulatory, and financial information, such as product and manufacturing specifications, research and development efforts, New Drug Applications, Abbreviated New Drug Applications, Drug Master Files; information relating to a Designating Party's pending patent applications, and marketing plans and strategies.

2.9 [INTENTIONALLY OMITTED]

2.10 House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained by a party or to represent or advise a party and who have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared in this action on behalf of that party.

2.13 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.17   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveals Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-05467 RS

1    those parts of material, documents, items, or oral or written communications that qualify -- so that

2    other portions of the material, documents, items, or communications for which protection is not

3    warranted are not swept unjustifiably within the ambit of this Order.

4        Mass, indiscriminate, or routinized designations are prohibited. Designations that are

5    shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

6    unnecessarily encumber or retard the case development process or to impose unnecessary

7    expenses and burdens on other parties) expose the Designating Party to sanctions.

8        If it comes to a Designating Party's attention that information or items that it designated

9    for protection do not qualify for protection at all or do not qualify for the level of protection

10   initially asserted, that Designating Party must promptly notify all other Parties that it is

11   withdrawing the mistaken designation.

12       5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

13   (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

14   Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

15   designated before the material is disclosed or produced.

16       Designation in conformity with this Order requires:

17       (a)    <u>for information in documentary form</u> (e.g., paper or electronic documents,

18   but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

19   Party affix the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL -- ATTORNEYS'

20   EYES ONLY" to each page that contains protected material. A Party or Non-Party that makes

21   original documents or materials available for inspection need not designate them for protection

22   until after the inspecting Party has indicated which material it would like copied and produced.

23   During the inspection and before the designation, all of the material made available for inspection

24   shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the

25   inspecting Party has identified the documents it wants copied and produced, the Producing Party

26   must determine which documents, or portions thereof, qualify for protection under this Order.

27   Then, before producing the specified documents, the Producing Party must affix the appropriate

28

-5-

DM_US 30344092-1.085199.0893

1   legend ("CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY")

2   to each page that contains Protected Material.

3         (b)    for testimony given in deposition or in other pretrial or trial proceedings,

4   that the Designating Party identify, either on the record at the deposition, hearing, or other

5   proceeding, and/or by written notice within twenty-one (21) days of the Designating Party's

6   receipt of the final transcript (*i.e.*, not "rough" or "draft") of the deposition, hearing, or other

7   proceeding, the specific portions of the testimony as to which protection is sought and to specify

8   the level of protection being asserted.  Only those portions of the testimony that are appropriately

9   designated for protection within the twenty-one (21) day period shall be covered by the

10  provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at

11  the deposition or within the twenty-one (21) day period, that the entire transcript shall be treated

12  as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

13        Parties shall give the other parties notice if they reasonably expect a deposition, hearing,

14  or other proceeding to include Protected Material so that the other parties can ensure that only

15  authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

16  (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition

17  shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

18  CONFIDENTIAL - ATTORNEYS' EYES ONLY."

19        Transcripts containing Protected Material shall have an obvious legend on the title page

20  that the transcript contains Protected Material, and the title page shall be followed by a list of all

21  pages (including line numbers as appropriate) that have been designated as Protected Material and

22  the level of protection being asserted by the Designating Party.  The Designating Party shall

23  inform the court reporter of these requirements.  Any transcript that is prepared before the

24  expiration of the twenty-one (21) day period for designation shall be treated during that period as

25  if it had been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in its

26  entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated

27  only as actually designated.

28

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-05467 RS

DM_US 30344092-1.085199.0893

(c)    for information produced in some form other than documentary and for any, other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered,

1    to explain the basis for the chosen designation.  A Challenging Party may proceed to the next

2    stage of the challenge process only if it has engaged in this meet and confer process first or

3    establishes that the Designating Party is unwilling to participate in the meet and confer process in

4    a timely manner.

5         6.3    Judicial Intervention.   If the Parties cannot resolve a challenge without court

6    intervention, the Designating Party shall file and serve a motion to retain confidentiality under

7    Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within twenty-

8    one (21) days of the initial notice of challenge or within fourteen (14) days of the parties agreeing

9    that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such

10   motion must be accompanied by a competent declaration affirming that the movant has complied

11   with the meet and confer requirements imposed in the preceding paragraph.   Failure by the

12   Designating Party to make such a motion including the required declaration within twenty-one

13   days (or fourteen days, if applicable) shall automatically waive the confidentiality designation for

14   each challenged designation.  In addition, the Challenging Party may file a motion challenging a

15   confidentiality designation at any time if there is good cause for doing so, including a challenge to

16   the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant

17   to this provision must be accompanied by a competent declaration affirming that the movant has

18   complied with the meet and confer requirements imposed by the preceding paragraph.

19        The burden of persuasion in any such challenge proceeding shall be on the Designating

20   Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

21   unnecessary expenses and burdens on other parties) may expose the Challenging Party to

22   sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to

23   file a motion to retain confidentiality as described above, all parties shall continue to afford the

24   material in question the level of protection to which it is entitled under the Producing Party's

25   designation until the court rules on the challenge.

26   7.    ACCESS TO AND USE OF PROTECTED MATERIAL

27        7.1    Basic Principles.  Protected Material that is disclosed or produced by another Party

28   or by a Non-Party in connection with this case may be used by a Receiving Party only for

-8-

prosecuting, defending, or attempting to settle this litigation. Protected Material shall not be used for any other business, commercial, regulatory, competitive, personal or other purpose. In particular, Protected Material disclosed in this litigation shall not be submitted to or used to prepare submissions to any foreign or domestic regulatory agency, including but not limited to citizen petitions to the FDA, and/or any submission to the United States Pharmacopeia, British Pharmacopeia or European Pharmacopeia. Furthermore, any Protected Material disclosed in this litigation shall not be used in any other litigation, including lawsuits against the FDA. Any summary, compilation, notes, memoranda, analysis, or copy containing Confidential Information or Highly Confidential Information and any electronic image or database containing "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such summary, compilation, notes, copy, memoranda, analysis, electronic image, or database is derived.

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.    Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

DM_US 30344092-1.085199.0893

(b)      the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

(c)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that the procedures set forth in paragraph 7.4 below have been followed;

(d)      the court and its personnel;

(e)      court reporters and their staff;

(f)      professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3      Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items.   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a)      the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     *[Plaintiffs' and Watson's proposal:* three (3) Designated House Counsel of Shire, three (3) Designated House Counsel of Supernus, three (3) Designated House Counsel of Impax, and three (3) Designated House Counsel of Watson to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A), provided that the procedures set forth in paragraph 7.4 below have been followed. The Designated House Counsel includes David Banchik and James Harrington of Shire, [TBD] of Supernus, _____ of Impax; and Amy Hulina, Michael Bryner, and Brian Anderson for Watson Defendants.*]

*[Impax's Proposal:* two (2) Designated House Counsel of Shire, two (2) Designated House Counsel of Supernus, two (2) Designated House Counsel of Impax, and two (2) Designated House Counsel of Watson to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A), provided that the procedures set forth in paragraph 7.4 below have been followed. The Designated House Counsel includes David Banchik and James Harrington of Shire, [TBD] of Supernus, Meg Snowden and Don Anthony of Impax; and [TBD] for Watson Defendants.*]

(c)     Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that the procedures set forth in paragraph 7.4 below have been followed;

(d)     the court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A); and

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.

-11-

(a)    Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must provide, in writing, to the Designating Party, the full name and title of the proposed Designated House Counsel, as well as a brief description of the proposed Designated House Counsel's responsibilities.

(b)    Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.2(c) or 7.3(c) first must provide, in writing, to the Designating Party:

(1)    the full name of the Expert and the city and state of his or her primary residence;

(2)    a copy of the Expert's current resume;

(3)    the identity of the Expert's current employer(s),

(4)    the identity of each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years; and

(5)    the identity (by name and number of the case, filing date, and location of court) of any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(c)    A Party that provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within five (5) days of delivering the notice, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

-12-

(d)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.  In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.    <u>PROSECUTION BAR</u>

(a)     Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information shall not be involved in the prosecution of patents or patent applications relating to guanfacine or formulations thereof, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").   For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[1]  To avoid any doubt, "prosecution" as used in this paragraph *[Plaintiffs' proposal:*

---

[1] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

DM_US 30344092-1.085199.0893

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-05467 RS

1   "includes"; *Impax's proposal contains no change:* "does not include"; *Watson has not taken a*

2   *position on this section.*] representing a party challenging a patent before a domestic or foreign

3   patent agency (including, but not limited to, a reissue protest, interference, *ex parte* reexamination

4   or *inter partes* reexamination).   This Prosecution Bar shall begin when access to "HIGHLY

5   CONFIDENTIAL - ATTORNEYS' EYES ONLY" information is first received by the affected

6   individual and shall end two (2) years after final termination of this action, including appeals.

7                    (b)   Absent written consent from the Producing Party, any individual who

8   receives access to "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information

9   [*Plaintiffs' and Watson's proposal:* "shall not use such information"; *Impax's proposal* "shall not

10  be involved"] in the preparation or submission of any United States Food and Drug

11  Administration ("FDA") correspondence (including but not limited to citizen petitions), or any

12  similar correspondence in any foreign country, regarding approval requirements for any product

13  containing guanfacine, except where such correspondence is responding to an inquiry from the

14  FDA regarding the Receiving Party's own NDA or ANDA and is directed toward obtaining or

15  maintaining approval under such NDA or ANDA.

16  9.    REDACTIONS

17          Documents and things produced or made available for inspection may be subject to

18  redaction, in good faith by the producing Party, of information that is (a) neither relevant to the

19  subject of this litigation nor reasonably calculated to lead to the discovery of admissible evidence,

20  or (b) subject to the attorney-client privilege or to the work-product immunity.   Each such

21  redaction, regardless of size, shall be clearly labeled.   Furthermore, materials protected from

22  disclosure pursuant to the amendments to Federal Rule of Civil Procedure 26(b)(4) adopted by

23  the United States Supreme Court in an April 28, 2010 order are not subject to discovery and will

24  not be listed on either Party's privilege log.   This paragraph shall not be construed as a waiver of

25  any Party's right to seek disclosure of redacted information.

26

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-05467 RS

10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," that Party must:

(a)   promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[2]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with

---

2 The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

DM_US 30344092-1.085199.0893

1    this litigation is protected by the remedies and relief provided by this Order.  Nothing in these

2    provisions should be construed as prohibiting a Non-Party from seeking additional protections.

3            (b)     In the event that a Party is required, by a valid discovery request, to

4    produce a Non-Party's confidential information in its possession, and the Party is subject to an

5    agreement with the Non-Party not to produce the Non-Party's confidential information, then the

6    Party shall:

7                    1.     promptly notify in writing the Requesting Party and the Non-Party

8    that some or all of the information requested is subject to a confidentiality agreement with a Non-

9    Party;

10                   2.     promptly provide the Non-Party with a copy of the Stipulated

11   Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

12   description of the information requested; and

13                   3.     make the information requested available for inspection by the

14   Non-Party.

15           (c)     If the Non-Party fails to object or seek a protective order from this court

16   within 14 days of receiving the notice and accompanying information, the Receiving Party may

17   produce the Non-Party's confidential information responsive to the discovery request.  If the

18   Non-Party timely seeks a protective order, the Receiving Party shall not produce any information

19   in its possession or control that is subject to the confidentiality agreement with the Non-Party

20   before a determination by the court.[3]  Absent a court order to the contrary, the Non-Party shall

21   bear the burden and expense of seeking protection in this court of its Protected Material.

22   12.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

23           If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

24   Material to any person or in any circumstance not authorized under this Stipulated Protective

25   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

26

27   _____
     3 The purpose of this provision is to alert the interested parties to the existence of confidentiality
     rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality
28   interests in this court.

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-05467 RS

DM_US 30344092-1.085199.0893

1   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

2   Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

3   made of all the terms of this Order, and (d) request such person or persons to execute the

4   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

5   13.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
6           MATERIAL

7           When a Producing Party gives notice to Receiving Parties that certain inadvertently

8   produced material is subject to a claim of privilege or other protection, the obligations of the

9   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).   This

10  provision is not intended to modify whatever procedure may be established in an e-discovery

11  order that provides for production without prior privilege review.   Pursuant to Federal Rule of

12  Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

13  communication or information covered by the attorney-client privilege or work product

14  protection, the parties may incorporate their agreement in the stipulated protective order

15  submitted to the court.

16  14.     MISCELLANEOUS

17          14.1    Right to Further Relief.   Nothing in this Order abridges the right of any person to

18  seek its modification by the court in the future.

19          14.2    Right to Assert Other Objections.   By stipulating to the entry of this Protective

20  Order no Party waives any right it otherwise would have to object to disclosing or producing any

21  information or item on any ground not addressed in this Stipulated Protective Order.   Similarly,

22  no Party waives any right to object on any ground to use in evidence of any of the material

23  covered by this Protective Order.

24          14.3    Export Control.   Disclosure of Protected Material shall be subject to all applicable

25  laws and regulations relating to the export of technical data contained in such Protected Material,

26  including the release of such technical data to foreign persons or nationals in the United States or

27  elsewhere.   The Producing Party shall be responsible for identifying any such controlled technical

28  data, and the Receiving Party shall take measures necessary to ensure compliance.

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-05467 RS

14.4    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5, and shall indicate on the cover of all documents containing Protected Material that it is being filed under seal (e.g., CONFIDENTIAL INFORMATION – FILED UNDER SEAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL INFORMATION – FILED UNDER SEAL – SUBJECT TO PROTECTIVE ORDER).  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

15.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected

-18-

1    Material.  Any such archival copies that contain or constitute Protected Material remain subject to

2    this Protective Order as set forth in Section 4.

3

4    DATED:  _____          _____

5                                               HONORABLE RICHARD SEEBORG
                                               Judge of the United States District Court

6

7

8

9    **Approved as to form.**

10

11   MCDERMOTT WILL & EMERY LLP

12   By:      */s/ William G. Gaede, III*
                William G. Gaede, III

13

14   *Attorneys for Plaintiffs*

15   KNOBBE, MARTENS, OLSON & BEAR LLP

16

17   By:      */s/ Sheila N. Swaroop*
                Sheila N. Swaroop

18

19   *Attorneys for Impax Laboratories, Inc.*

20   KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

21

22   By:      */s/ Laura Fahey Fritts*
                Laura Fahey Fritts

23   *Attorneys for Watson Pharmaceuticals, Inc.,*
     *Watson Laboratories, Inc.—Florida, Watson*
24   *Pharma, Inc., and Anda, Inc.*

25

26

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-05467 RS

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States District Court for the Northern District of California on

_____ **[date]** in the case of *Shire LLC, et al. v. Impax Laboratories, Inc. et al.*, Case

No. 10-CV-05467 RS.  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order, and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ print or type full address and telephone number] as my California

agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:

_____

Printed name:_____
                           [printed name]

Signature:_____
                       [signature]