MCDERMOTT WILL & EMERY LLP
WILLIAM G. GAEDE, III (136184)
wgaede@mwe.com
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
Telephone:      (650) 815-7400
Facsimile:      (650) 815-7401

MCDERMOTT WILL & EMERY LLP
JOSEPH R. ROBINSON (*Pro Hac Vice*)
jrobinson@mwe.com
HEATHER MOREHOUSE ETTINGER (*Pro Hac Vice*)
Hettinger@mwe.com
340 Madison Avenue
New York, NY 10173
Telephone:      (212) 547-5509
Facsimile:      (212) 547-5444
Attorneys for *Plaintiff/Counter-Defendants*

KNOBBE, MARTENS, OLSON & BEAR, LLP
WILLIAM R. ZIMMERMAN (SBN 195859)
bzimmerman@kmob.com
SHEILA N. SWAROOP (SBN 203476)
sswaroop@kmob.com
BENJAMIN A. KATZENELLENBOGEN (SBN 208527)
bkatzenellenbogen@kmob.com
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Telephone:      (949) 760-0404
Facsimile:      (949) 760-9502

Attorneys for *Impax Laboratories, Inc.*

THE BANCHERO LAW FIRM LLP
E. Jeffrey Banchero (SBN 93077)
ejb@bancherolaw.com
Scott R. Raber (SBN 194924)
sraber@bancherolaw.com
THE BANCHERO LAW FIRM LLP
Four Embarcadero Center, 17th Floor
San Francisco, California  94111
Telephone:      415.398.7000
Facsimile:      415.616.7000

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
John L. North (*Pro Hac Vice*)
jnorth@kasowitz.com
Jeffrey J. Toney (*Pro Hac Vice*)
jtoney@kasowitz.com
Laura Fahey Fritts (*Pro Hac Vice*)
lfritts@kasowitz.com
Jonathan D. Olinger (*Pro Hac Vice*)
jolinger@kasowitz.com
Norman E.B. Minnear (*Pro Hac Vice*)
jminnear@kasowitz.com
1360 Peachtree Street, N.E., Suite 1150
Atlanta, GA 30309
Telephone:      404.260.6080
Facsimile:      404.260.6081

Attorneys for *Defendants, Watson Pharmaceuticals, Inc.,
Watson Laboratories, Inc.—Florida,
Watson Pharma, Inc., and Anda, Inc.*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHIRE LLC, SUPERNUS PHARMACEUTICALS, INC., AMY F.T. ARNSTEN, PH.D., PASKO RAKIC, M.D., and ROBERT D. HUNT, M.D., <br><br>Plaintiffs and Counter-Defendants,<br><br>v.<br><br>IMPAX LABORATORIES, INC., WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC.—FLORIDA, WATSON PHARMA, INC., and ANDA, INC.,<br><br>Defendants and Counter-Claimants. | No. 10-CV-05467 RS<br><br>**COVER SHEET TO LETTER TO JUDGE JAMES REGARDING STIPULATED PROTECTIVE ORDER** |

Pursuant to Judge James' Discovery & Dispute Procedures Standing Order, counsel hereby attests that the parties have met and conferred in person on October 20, 2011, prior to the filing of this letter.

Dated     October 25, 2011              /s/ William G. Gaede, III
                                        MCDERMOTT WILL & EMERY LLP
                                        WILLIAM G. GAEDE, III
                                        wgaede@mwe.com
                                        275 Middlefield Road, Suite 100
                                        Menlo Park, CA 94025
                                        Telephone:     (650) 815-7400
                                        Facsimile:     (650) 815-7401

                                        MCDERMOTT WILL & EMERY LLP
                                        JOSEPH R. ROBINSON (*Pro Hac Vice*)
                                        jrobinson@mwe.com
                                        HEATHER MOREHOUSE ETTINGER
                                        (Pro Hac Vice)
                                        hettinger@mwe.com
                                        340 Madison Avenue
                                        New York, NY 10173
                                        Telephone:     (212) 547-5509
                                        Facsimile:     (212) 547-5444

                                        *Attorneys for Plaintiffs*

# McDermott Will & Emery

Boston  Brussels  Chicago  Düsseldorf  Houston  London  Los Angeles  Miami  Milan
Munich  New York  Orange County  Paris  Rome  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

William G. Gaede, III
wgaede@mwe.com
+1 650 815-7435

October 25, 2011

**VIA ECF**

Hon. Maria-Elena James
Chief United States Magistrate Judge
Northern District of California
United States District Court

Re:  *Shire LLC, et al. v. Impax Laboratories, Inc., et al.*
Case No. 10-CV-05467 RS (MEJ)

Dear Judge James:

This is a patent infringement action involving Shire LLC, Supernus Pharmaceuticals, Inc., Amy F.T. Arnsten, Ph.D., Pasko Rakic, M.D. and Robert D. Hunt, M.D. (collectively, "Plaintiffs") and Impax Laboratories, Inc., Watson Pharmaceuticals, Inc., Watson Laboratories, Inc.- Florida, Watson Pharma, Inc., and Anda, Inc. (collectively, "Defendants"; Plaintiffs and Defendants, collectively "Parties").  All Parties agree that the Interim Model Protective Order for the Northern District of California needs to include additional provisions to safeguard the confidentiality of information produced in this litigation.  However, there are four provisions in the protective order for which the Parties have not reached agreement.

By this joint letter, the Parties respectfully request that this Court consider the attached Stipulated Protective Order, which shows the parties' disagreements on specific terms in brackets. This Order is the product of the Parties' in-person met and confer on October 20, 2011, as well as multiple negotiations via telephone and e-mail since April 2011.

Plaintiffs and Defendants set forth argument supporting their positions for each point of disagreement below.

**Section 2.8**:

<u>Plaintiffs' position</u>:  Defendants are requesting the addition of language that does not appear in the NDCA Model Protective Order to Section 2.8. Specifically, Defendants are requesting the enumeration of types of Highly Confidential Information or Items. Plaintiffs will agree to Defendants' proposed list if this listing is preceded by the language "may include certain" in order to make it clear that such Information or Items may be, but are not *per se*, Highly Confidential. Any advance *per se* classification of information as Highly Confidential may lead to the erroneous labeling of some information as Highly Confidential.

U.S. practice conducted through McDermott Will & Emery LLP.

**275 Middlefield Road, Suite 100,  Menlo Park,  CA 95124  Telephone: +1 650 815 7400  Facsimile: +1 650 815 7401  www.mwe.com**

October 25, 2011
Page 2

<u>Watson Defendants' position</u>: Watson defendants do not take a position on this section.

<u>Impax's position</u>: The Protective Order should identify the types of technical, regulatory, and financial information that would be appropriately designated as Highly Confidential. Disclosure of product and manufacturing specifications, research and development documents, regulatory applications, pending patent applications, and marketing plans and strategies to anyone other than outside counsel and experts would cause irreparable harm. Plaintiffs' suggested revisions would render the provision meaningless.

**Section 7.3(b)**:

<u>Plaintiffs' position</u>: Plaintiffs propose three (3) Designated House Counsel for each of Shire, Supernus, Impax, and Watson, in order to allow for the fact that there are multiple independent plaintiffs in this case.

<u>Watson Defendants' position</u>: Watson Defendants agree that three (3) Designated House Counsel for each of Shire, Supernus, Impax, and Watson should be granted access to highly confidential information.

<u>Impax's position</u>: Limiting each of Shire, Supernus, Impax and Watson to disclosing Highly Confidential information to two (2) designated in-house counsel will reduce the risk of inadvertent use or disclosure without reducing their ability to effectively litigate this case.

**Section 8(a)**:

<u>Plaintiffs' position</u>: Plaintiffs propose modification of Section 8(a) in order prevent individuals who receive access to Highly Confidential Information from being involved in the representation of a party challenging a patent under which any other party in the action has any right, title or interest. Plaintiffs believe such a bar is consistent with the patent prosecution bar language set forth in the Model Section 8. Just as the patent prosecution bar prevents the improper use of competitive product information to obtain claims covering competitive products, it should prevent the improper use of such information for challenging a patent before a domestic or foreign patent agency. Highly Confidential competitive and market information pertaining to, for example, secondary considerations of non-obviousness, such as commercial success or long-felt need, is routinely exchanged during the course of a Hatch-Waxman litigation such as the present case. To allow the use of such Highly Confidential information in a patent challenge would pose an unfair advantage in the planning and execution of such challenges. Furthermore, Defendants' position regarding Plaintiffs' proposed modification to Section 8 is entirely inconsistent with their position set forth in Section 7.1, in which Defendants expressly state "Furthermore, any Protected Material disclosed in this litigation shall not be used in any other litigation..."

<u>Watson Defendants' position</u>: Watson Defendants do not take a position on this section.

<u>Impax's position</u>: The parties agree that persons who receive Highly Confidential Information cannot erase it from their minds and should not be allowed to participate in the process of ***obtaining*** patents on related subject matter. The risk that Highly Confidential information regarding competitive products would be used (intentionally or unintentionally) to draft claims covering those competitive products is simply too great. However, there is no reason the patent prosecution bar should preclude participation in activities ***challenging*** patents before the Patent Office. Such activities do not carry the same risk of improperly using competitive product information. Such activities are analogous to challenging the validity of

October 25, 2011
Page 3

patents through this litigation, and it would be needlessly burdensome for the parties to have to retain separate outside counsel for such closely related activities.

**Section 8(b):**

Plaintiffs' position: Impax's proposed language goes far beyond what is necessary. The Model is sufficient and is clear on how Highly Confidential Information can be used. The Model restricts the use of Highly Confidential Information by those entitled to receive it. Plaintiffs have agreed to additional use restrictions here as part of compromise discussions with Defendants. Nothing more is needed. Furthermore, it would be needlessly burdensome for the parties to have to retain separate outside counsel or maintain separate in-house counsel for such closely related activities.

Watson Defendants' position: While Watson Defendants prefer Impax's proposal in this regard, Watson Defendants agreed to Plaintiffs' proposal as part of compromise discussions.

Impax's position: This Section should also prohibit persons with access to Highly Confidential information from participating in or submitting Citizen's Petitions to the FDA and related activities. Plaintiffs' objection to this language confirms the necessity of including it, as Plaintiffs would not object to Defendants' proposal unless individuals who may access Highly Confidential information are also involved in Citizen's Petitions or FDA related activities.

As with obtaining patents, the risk that Highly Confidential information regarding competitive products would be used (intentionally or unintentionally) to draft regulatory correspondence requesting action adverse to those competitive products is simply too great, and persons with access to Highly Confidential information should be precluded from participating in such activities.

The Parties thank the Court for consideration of this matter.

Dated       October 25, 2011                    /s/ William G. Gaede, III
                                                MCDERMOTT WILL & EMERY LLP
                                                WILLIAM G. GAEDE, III
                                                wgaede@mwe.com
                                                275 Middlefield Road, Suite 100
                                                Menlo Park, CA 94025
                                                Telephone:    (650) 815-7400
                                                Facsimile:    (650) 815-7401

                                                MCDERMOTT WILL & EMERY LLP
                                                JOSEPH R. ROBINSON (*Pro Hac Vice*)
                                                jrobinson@mwe.com
                                                HEATHER MOREHOUSE ETTINGER
                                                (Pro Hac Vice)
                                                hettinger@mwe.com
                                                340 Madison Avenue
                                                New York, NY 10173
                                                Telephone:    (212) 547-5509
                                                Facsimile:    (212) 547-5444

                                                *Attorneys for Plaintiffs*

DM_US 30570729-1.085199.0893

October 25, 2011
Page 4

| | |
|---|---|
| Dated  October 25, 2011 | */s/ Sheila N. Swaroop* |
| | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| | William R. Zimmerman (SBN 195859) |
| | bzimmerman@kmob.com |
| | Sheila N. Swaroop (SBN 203476) |
| | sswaroop@kmob.com |
| | Benjamin A. Katzenellenbogen (SBN 208527) |
| | bkatzenellenbogen@kmob.com |
| | 2040 Main Street |
| | Fourteenth Floor |
| | Irvine, CA 92614 |
| | Telephone:     (949) 760-0404 |
| | Facsimile:      (949) 760-9502 |
| | |
| | *Attorneys for Impax Laboratories, Inc.* |

| | |
|---|---|
| Dated  October 25, 2011 | */s/ Laura Fahey Fritts* |
| | KASOWITZ, bENSON, TORRES & FRIEDMAN LLP |
| | John L. North (*Pro Hac Vice*) |
| | jnorth@kasowitz.com |
| | Jeffrey J. Toney (*Pro Hac Vice*) |
| | jtoney@kasowitz.com |
| | Laura Fahey Fritts (*Pro Hac Vice*) |
| | lfritts@kasowitz.com |
| | 1360 Peachtree Street, N.E., Suite 1150 |
| | Atlanta, Georgia  30309 |
| | Telephone:     (404) 260-6080 |
| | Facsimile:      (404) 260-6081 |
| | |
| | THE BANCHERO LAW FIRM LLP |
| | E. Jeffrey Banchero (SBN 93077) |
| | ejb@bancherolaw.com |
| | Scott R. Raber (SBN 194924) |
| | sraber@bancherolaw.com |
| | Four Embarcadero Center, 17th Floor |
| | San Francisco, California  94111 |
| | Telephone:     (415) 398-7000 |
| | Facsimile:      (415) 616-7000 |
| | |
| | *Attorneys for Watson Pharmaceuticals, Inc.,Watson Laboratories, Inc.—Florida,Watson Pharma, Inc., and Anda, Inc.* |