| | |
|---|---|
| 1 | MCDERMOTT WILL & EMERY LLP |
| | WILLIAM G. GAEDE III (SBN 136184) |
| 2 | wgaede@mwe.com |
| | 275 Middlefield Road, Suite 100 |
| 3 | Menlo Park, CA  94025-4004 |
| | Telephone:    (650) 815 7400 |
| 4 | Facsimile:     (650) 815 7401 |
| 5 | MCDERMOTT WILL & EMERY LLP |
| | JOSEPH R. ROBINSON (*Pro Hac Vice*) |
| 6 | jrobinson@mwe.com |
| | HEATHER MOREHOUSE ETTINGER (*Pro Hac Vice*) |
| 7 | hettinger@mwe.com |
| | SARIKA SINGH (*Pro Hac Vice*) |
| 8 | ssingh@mwe.com |
| | 340 Madison Avenue |
| 9 | New York, NY 10173 |
| | Telephone:    (212) 547-5400 |
| 10 | Facsimile:     (212) 547-5444 |
| | Attorneys for *Shire LLC and Supernus Pharmaceuticals,* |
| 11 | *Inc.* |
| 12 | WIGGIN AND DANA LLP |
| | JOSEPH V. SAPHIA |
| 13 | jsaphia@wiggin.com |
| | 450 Lexington Avenue |
| 14 | 38th Floor |
| | New York, NY 10017 |
| 15 | Telephone:    (212) 490-1700 |
| | Facsimile:     (212) 490-0536 |
| 16 | Attorneys for *Amy F.T. Arnsten, Ph.D., Pasko Racik, M.D.,* |
| | *and Robert D. Hunt, M.D.* |
| 17 | |
| 18 | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| | WILLIAM R. ZIMMERMAN (SBN 195859) |
| 19 | bzimmerman@kmob.com |
| | SHEILA N. SWAROOP (SBN 203476) |
| 20 | sswaroop@kmob.com |
| | BENJAMIN A. KATZENELLENBOGEN (SBN 208527) |
| 21 | bkatzenellenbogen@kmob.com |
| | 2040 Main Street |
| 22 | Fourteenth Floor |
| | Irvine, CA 92614 |
| 23 | Telephone:    (949) 760-0404 |
| 24 | Facsimile:     (949) 760-9502 |
| | Attorneys for *Impax Laboratories, Inc.* |
| 25 | |
| 26 | RIMON P.C. |
| | SCOTT R. RABER (SBN 194924) |
| 27 | scott.raber@rimonlaw.com |
| | 220 Sansome Street, Suite 310 |
| 28 | San Francisco, California 94104 |

<mark>McDermott Will & Emery LLP
Attorneys At Law
Silicon Valley</mark>

| | |
|---|---|
| Telephone: | (415) 683-5472 |
| Facsimile: | (800) 930-7271 |

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
JOHN L. NORTH (*Pro Hac Vice*)
jnorth@kasowitz.com
JEFFREY J. TONEY (*Pro Hac Vice*)
jtoney@kasowitz.com
LAURA FAHEY FRITTS (*Pro Hac Vice*)
lfritts@kasowitz.com
1360 Peachtree Street, N.E., Suite 1150
Atlanta, Georgia 30309
Telephone:   (404) 260-6080
Facsimile:   (404) 260-6081
Attorneys for *Watson Pharmaceuticals, Inc., Watson Laboratories, Inc.—Florida, Watson Pharma, Inc., and Anda, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHIRE LLC, SUPERNUS PHARMACEUTICALS, INC., AMY F.T. ARNSTEN, PH.D., PASKO RAKIC, M.D., and ROBERT D. HUNT, M.D.,<br><br>Plaintiffs,<br><br>v.<br><br>IMPAX LABORATORIES, INC., WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC.–FLORIDA, WATSON PHARMA, INC., and ANDA, INC.,<br><br>Defendants. | CASE NO.  10-CV-05467 RS (MEJ)<br><br>**JOINT CLAIM CONSTRUCTION STATEMENT AND PREHEARING STATEMENT** |

Pursuant to Patent Local Rule 4-3 and the Court's Order approving the Parties' Stipulation for Extension of Time (Dkt. No. 142), Shire LLC ("Shire"), Supernus Pharmaceuticals, Inc. ("Supernus"), Amy F.T. Arnsten, Ph.D. ("Dr. Arnsten"), Pasko Rakic, M.D. ("Dr. Rakic"), and Robert D. Hunt, M.D. ("Dr. Hunt") (all collectively "Plaintiffs"); and Impax Laboratories, Inc. ("Impax"), Watson Pharmaceuticals, Inc. ("Watson Pharmaceuticals"), Watson Laboratories, Inc. – Florida ("Watson Labs"), Watson Pharma, Inc. ("Watson Pharma"), and Anda, Inc. (all

collectively "Defendants") submit the following Joint Claim Construction and Prehearing Statement for the proposed terms and claim elements exchanged under Patent L.R. 4-1 and 4-2. The patents-in-suit are attached as Exhibits A–C.

## I. PROPOSED CONSTRUCTIONS OF DISPUTED CLAIM TERMS AND IDENTIFICATION OF EVIDENCE

Pursuant to Patent Local Rule 4-3(b), the parties provide their respective proposed constructions of each disputed claim term, shown, for the Court's convenience, in comparative tables attached as Exhibit D to this Statement. Attached as additional exhibits to this Statement are each parties' proposed constructions together with an identification of references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence presently known to the party upon which it intends to rely either in support of its proposed construction or in opposition to the other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art. Plaintiffs' proposed constructions with evidence are attached as Exhibit E, Impax's proposed constructions with evidence are attached as Exhibit F, and the Watson Defendants' proposed constructions with evidence are attached as Exhibit G.

The parties note that in each of the comparative tables in Exhibit D, claim terms that are both underlined and in bold are those agreed upon by the parties as most significant to the resolution of the case. Further, text in italics indicates claim construction language that is the same in two or more of the parties' constructions. Underlined claim construction text highlights some of the differences between constructions.

## II. IDENTIFICATION OF MOST SIGNIFICANT TERMS

In Exhibit D, the parties have bolded the ten (10) terms for construction that are the most significant to the resolution of the parties' disputes. These terms are also identified below in the context of the patent claim in which they first appear. The construction of the four (4) terms identified below with asterisks are potentially dispositive of the claims in which they appear (and

their dependent claims) because one or more defendants contends these terms are indefinite. Plaintiffs do not agree that construction any of these terms is dispositive of any claim.

**A.    U.S. PATENT NO. 5,854,290**

Claim 1

    (1) "treating a behavioral disinhibition"

    (2)* "without inducing excessive sedation"

    (3) "a behavior inhibiting dose of guanfacine, wherein the dose ranges between 0.01 mg/kg of body weight and 0.86 mg/kg of body weight"

Claim 2

    (4)* "readministering the dose at an interval required to obtain a desired level and duration of behavioral inhibition"

Claim 7

    (5) "inhibiting a disinhibitory behavior"

**B.    U.S. PATENT NO. 6,287,599**

Claim 1

    (6) "non-pH dependent sustained release agent"

    (7)* "pH dependent agent that increases the rate of release of said at least one pharmaceutically active agent from the tablet at a pH in excess of 5.5"

Claim 2

    (8) "polymer that swells at a pH in excess of 5.5"

Claim 4

    (9) "agent that increases the solubility of said at least one pharmaceutically active agent at a pH of greater than 5.5"

**C.    U.S. PATENT NO. 6,811,794**

Claim 8

    (10)* "reducing the likelihood of side effects"

4

JOINT CLAIM CONSTR STMNT AND
PREHEARING STMNT
CASE NO. 10-CV-05467 RS (MEJ)

**III. ANTICIPATED LENGTH OF TIME NECESSARY FOR THE CLAIM CONSTRUCTION HEARING**

The parties anticipate that four (4) hours will be sufficient for the claim construction hearing (May 30, 2012).

Plaintiffs propose that two (2) hours be allocated for Plaintiffs and two (2) hours be allocated for Defendants. The two (2) hour time limit for each side would include any tutorial material that any party may wish to present. If the Defendants' proposed constructions differ substantially from one another, Plaintiffs would not object to the second Defendant being allocated an additional twelve (12) minutes beyond the two hour limit, in order to present only that substantial difference (2 hours / ten most significant terms = 12 minutes). Plaintiffs further propose that Plaintiffs present first and that Plaintiffs are able to reserve for their rebuttal as much of their allocated two (2) hours as they wish. Plaintiffs believe it would be too cumbersome to proceed on a term-by-term Plaintiffs'/Defendants' presentation.

Defendants object to Plaintiffs' proposal that Plaintiffs present their position on all disputed terms followed by Defendants' positions on all disputed terms. Defendants also object to Plaintiffs' proposal that Plaintiffs have the first and last word with respect to each and every disputed claim term. Defendants propose that the Parties present argument on a term-by-term basis. Proceeding term-by-term will allow the Court to hear all arguments on each term at one time and ask all necessary questions of counsel at one time. Plaintiffs' proposal to hear one Party's arguments on all terms would be confusing and inefficient. Defendants also believe that each Party should have equal opportunity to present rebuttal argument and that, as a general matter, the Party presenting the first argument on a term should not also present the last argument on that term. Defendants believe the Court will be able to indicate during the hearing how much argument it finds helpful on each term and that pre-set time limits are unnecessary. To the extent the Court would like to allocate cumulative time limits, Defendants request that any such allocation reflect that, for some of the terms, there are three (3) proposed definitions and it would not be fair for each of the Defendants to have half as much time as Plaintiffs with respect to those

terms. Defendants would not object to allocating some time at the beginning of the hearing equally between Plaintiffs and Defendants for background or technology tutorial presentations.

## IV. PROPOSED WITNESSES AT THE CLAIM CONSTRUCTION HEARING

The parties do not propose any witnesses for the claim construction hearing.

DATED this 17th day of February, 2012.

    MCDERMOTT WILL & EMERY LLP

    By:    */s/ William G. Gaede, III*
              William G. Gaede, III

    Attorneys for *Plaintiffs Shire LLC and Supernus Pharmaceuticals, Inc.*

    KNOBBE, MARTENS, OLSON & BEAR LLP

    By:    */s/ Ben Katzenellenbogen*
              Ben Katzenellenbogen

    Attorneys for *Impax Laboratories, Inc.*

    KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

    By:    */s/ Laura Fahey Fritts*
              Laura Fahey Fritts

    Attorneys for *Watson Pharmaceuticals, Inc., Watson Laboratories, Inc.—Florida, Watson Pharma, Inc., and Anda, Inc.*

### SIGNATURE ATTESTATION

Pursuant to General Order 45.X(B), I hereby attest that I have obtained the concurrence in the filing of this document from all the signatories for whom a signature is indicated by a "conformed" signature (/s/) within this e-filed document and I have on file records to support this concurrence for subsequent production for the court if so ordered or for inspection upon request.

Dated: February 17, 2012

                      */s/ William G. Gaede, III*
                      William G. Gaede, III

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SILICON VALLEY