# EXHIBIT 7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SHIRE LLC, *et al.*,                          )
                                              )
                    Plaintiffs,               )
                                              )
            v.                                )         C.A. No. 10-329-RGA
                                              )         (CONSOLIDATED CASE)
TEVA PHARMACEUTICALS USA, INC.,               )
*et al.*,                                     )
                                              )         **FILED UNDER SEAL**
                    Defendants.               )
_____     )

# REDACTED
# PUBLIC VERSION

## PLAINTIFFS' BRIEF IN SUPPORT OF ITS MOTION FOR RECONSIDERATION IN PART OF THE COURT'S CLAIM CONSTRUCTION RULING

*Of Counsel*

Edgar H. Haug
Gregory Wesner
Jason A. Lief
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151
(212) 588-0800


Dated:  April 5, 2012

Francis DiGiovanni (#3189)
Jeffrey L. Eichen (#5331)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19801
Tel:  (302) 658-9141
Fax:  (302) 658-5614
fdigiovanni@cblh.com
jeichen@cblh.com

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

I.     INTRODUCTION ................................................................................................ 1

II.    NATURE AND STAGE OF CASE AND SUMMARY OF RELEVANT FACTS .......... 1

III.   LEGAL STANDARD FOR RECONSIDERATION .......................................... 3

IV.   ARGUMENT ...................................................................................................... 3

       A.    Reconsideration is Warranted to Correct the Legal Error of Importing
             Limitations From Extrinsic Evidence Into the Claims ........................................... 4

            1.    The Intrinsic Evidence Does Not Interject Any "Mutually
                   Exclusive" Limitation   To the Contrary, It Shows Overlap
                   Between the Two Categories ..................................................................... 5

            2.    The Court's Construction Looks to Extrinsic Evidence (Or Its
                   Absence) From a Supplemental Literature Search To Justify
                   Adding a Limitation to a Claim   A Specifically Forbidden
                   Approach ................................................................................................... 7

       B.    Reconsideration is Warranted To Correct a Clear and Manifest Factual
             Error, Demonstrated By Defendants' Admissions at Depositions Held
             After the *Markman* Hearing ................................................................................. 9

V.     CONCLUSION .................................................................................................. 10

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

## <u>Cases</u>

*Apeldyn Corp. v. AU Optronics Corp.*,
    Civ. No. 08 568 SLR, 2011 WL 6357773 (D. Del. Dec. 19, 2011) ....................................... 3

*BP Amoco Chem. Co. v. Sun Oil Co.*,
    200 F. Supp. 2d 429 (D. Del. 2002)......................................................................................... 3

*Brambles USA, Inc. v. Blocker*,
    735 F. Supp. 1239 (D. Del. 1990)............................................................................................ 3

*In re Kelley*,
    305 F.2d 909 (C.C.P.A. 1962) ................................................................................................. 6

*Magrath v. Draper Corp.*,
    384 F.2d 672 (1st Cir. 1967).................................................................................................... 7

*Mars, Inc. v. Mars Elecs. Int'l, Inc.*,
    No. Civ.A. 90-49(JCL), 2002 WL 33960519 (D.N.J. Mar. 28, 2002) ..................................... 7

*Max's Seafood Cafe ex-rel Lou Ann, Inc. v. Quinteros*,
    176 F.3d 669 (3d Cir. 1999) .................................................................................................... 3

*Monsanto Co. v. Bayer Bioscience N.V.*,
    363 F.3d 1235 (Fed. Cir. 2004) ............................................................................................... 5

*Novartis Pharmaceuticals Corp. v. Abbott Labs.*,
    375 F.3d 1328 (Fed. Cir. 2004) ........................................................................................... 5, 8

*Ramos v. Biomet, Inc.*,
    828 F. Supp. 1570 (S.D. Fla. 1993),
    *aff'd in part, reversed in part*,
    69 F.3d 553 (Fed. Cir. 1995) ................................................................................................... 7

*Storage Technology Corp. v. Cisco Sys., Inc.*,
    329 F.3d 823 (Fed. Cir. 2003) ................................................................................................. 5

*Sun Studs, Inc. v. ATA Equipment Leasing, Inc.*,
    872 F.2d 978 (Fed. Cir. 1989),
    *overruled on other grounds*,
    *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*,
    960 F.2d 1020 (Fed. Cir. 1992) ............................................................................................... 6

*Vitronics Corp. v. Conceptronic, Inc.*,
    90 F.3d 1576 (Fed. Cir. 1996) ......................................................................................... 1, 4, 8

**<u>Rules</u>**

D. Del. L.R. 7.1.5 ................................................................................................................. 1

Fed. R. Civ. P. 59(e) .......................................................................................................... 1

## I.     INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 59(e) and District of Delaware Local Rule 7.1.5, plaintiffs / counterclaim defendants Shire LLC ("Shire"), Supernus Pharmaceuticals Inc. ("Supernus"), Amy F.T. Arnsten ("Dr. Arnsten"), Pasko Rakic ("Dr. Rakic"), and Robert D. Hunt ("Dr. Hunt") (collectively "Plaintiffs") move the Court to reconsider its claim constructing ruling in one respect.  Specifically, Plaintiffs seek reconsideration of the Court's ruling that a substance in an accused product cannot act as both a "pH dependent agent" and also a "pH independent sustained release agent" within the same formulation.  Plaintiffs respectfully state that such a construction is incorrect as a matter of law.

In coming to its construction, the Court had requested extrinsic evidence showing excipients that have both properties  despite intrinsic evidence already revealing this in the patent.  The Court then used that extrinsic evidence, including the cover letter submitting this extrinsic evidence, to engage in a forbidden analysis  importing limitations from extrinsic evidence into the claims.  *See, e.g., Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1584-85 (Fed. Cir. 1996), and the other Federal Circuit authority cited herein in Section IV.A, *infra*.

In addition, the testimony of the defendants all confirms that, as a factual matter, a chemical can play more than one role in a single formulation.  Thus, Plaintiffs request reconsideration in part of the claim construction ruling.

## II.    NATURE AND STAGE OF CASE AND SUMMARY OF RELEVANT FACTS

On April 22, May 12, and June 2, 2010, Plaintiffs filed their complaints against defendants Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Actavis Elizabeth LLC, Actavis Inc., Anchen Pharmaceuticals Inc., and Anchen Inc. (collectively "Defendants") alleging infringement of U.S. Patent Nos. 5,854,290 ("the '290 patent"),

6,287,599 ("the '599 patent"), and 6,811,794 ("the '794 patent"). The three cases were consolidated under District of Delaware case no. 10-329 on August 2, 2010. (D.I. 15.).

The parties briefed their respective positions on claim construction in April and May of 2011 (D.I. 93-97, 102-104), and the Court conducted a *Markman* hearing on February 14, 2012 (D.I. 198 (Official Transcript of *Markman* Hearing)). During the hearing, the Court asked for supplemental letter submissions regarding art that demonstrated whether a non-pH-dependent sustained release agent can also be a pH-dependent agent. The parties' supplemental submissions were submitted on February 24, 2012. (D.I. 204-206.) On March 22, 2012, the Court issued a Memorandum Opinion on claim construction ("Claim Construction Opinion"). (D.I. 228.)

Of relevance to the present motion, the Court held, in the context of the claims of the '599 and '794 patents, that "[t]he non-pH dependent sustained release agent cannot also be the pH-dependent agent in one single claimed composition, at the same time; …." Claim Construction opinion at 9. The Court implemented this ruling in the claim construction for the term "non-pH dependent sustained release agent" by requiring that the agent "is not the pH dependent agent" (*id.* at 7), and in the claim construction for the "pH dependent agent" term by requiring that the agent "is neither the non-pH dependent sustained release agent nor the pharmaceutically active agent" (*id.* at 9.).[1]

---

[1] The Plaintiffs further inform the Court that on March 22, 2012, the Inventor-Patentees (Arnsten, Hunt, and Rakic) dedicated the entire '290 patent to the public pursuant to 35 U.S.C. § 253. Plaintiffs believe that this removes jurisdiction over the patent. Plaintiffs are informing the Court of this development now, as they have been conferring with the defendants sued under the '290 patent (the Actavis and Anchen entities) about a possible stipulation to dismiss the pertinent claims and counterclaims. Barring such a stipulation, Plaintiffs will file a motion to dismiss for lack of subject matter jurisdiction.

### III. LEGAL STANDARD FOR RECONSIDERATION

Although the Federal Rules of Civil Procedure and the Delaware Local Rules do not expressly recognize motions for reconsideration, the standards of both Rule 59 and Local Rule 7.1.5 are incorporated in the Court's approach. *BP Amoco Chem. Co. v. Sun Oil Co.*, 200 F. Supp. 2d 429, 431 (D. Del. 2002). Motions for reconsideration are the "functional equivalent" of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *Apeldyn Corp. v. AU Optronics Corp.*, Civ. No. 08 568 SLR, 2011 WL 6357773, at *1 (D. Del. Dec. 19, 2011) (citations omitted). The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (citing *Max's Seafood Cafe ex-rel Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Therefore, a court should exercise its discretion to alter or amend its judgment only if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *Id.* Reargument may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Id.* at *2 (citing *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990)).

### IV. ARGUMENT

The Court's claim construction ruling, requiring mutual exclusivity as between the terms "pH dependent agent" and "non-pH dependent sustained release agent," is not supported by the intrinsic evidence, is not compelled by law, and cannot be implied from intrinsic evidence. Instead, it operates as an *infringement* ruling: the Court has essentially ruled, based on extrinsic information relating to various agents, that "pH dependent agents" cannot meet the "non-pH dependent sustained release agent" limitation, and vice versa. This was not the task at hand in

the claim construction process.  Instead, the meaning of the claim terms was to be ascertained, based on the claim language and the intrinsic evidence (and only if necessary, the extrinsic evidence).  The issue of whether a specific excipient could satisfy both limitations is an *infringement* issue, not a *claim construction* issue.

The Court held that the "pH dependent agent" of the claims of the '599 and '794 patents could not, within the same formulation, also be the "non-pH dependent sustained release agent." This ruling came after the Court requested, during the *Markman* hearing, that the parties submit additional evidence   extrinsic evidence   showing specific examples of excipients that were both "pH dependent agents" and "non-pH dependent sustained release agents."

The Court's decision directly cites to the cover letter to Plaintiffs' supplemental submission for the proposition that:

> Plaintiffs argued and showed only that 'an excipient can exhibit different properties in different formulations' 'depending on context.'  (D.I. 204 at 1-2). Plaintiffs did not go so far as to argue that an excipient could exhibit different properties in the same formulation, as is necessary to support their proposed construction.

(D.I. 228 at 8; *see also id.* at 7-9 generally.)  Plaintiffs submit that the Court's ruling that the "pH dependent agent" must be mutually exclusive of the "non-pH dependent sustained release agent" is erroneous and should be corrected.

### A.    Reconsideration is Warranted to Correct the Legal Error of Importing Limitations From Extrinsic Evidence Into the Claims

Claim construction begins with the claim language itself and looks almost exclusively thereafter to the intrinsic evidence   the patent specification and the file history.  *Vitronics*, 90 F.3d at 1582-83.  Where that intrinsic evidence is clear, extrinsic evidence is not to be looked to at all.  *Id.* at 1584-85.

To the extent extrinsic evidence is ever looked to, it may never be used to limit the claims.  *See, e.g., Vitronics Corp.*, 90 F.3d at 1584-85 ("reliance on such evidence is

4

unnecessary, and indeed improper, when the disputed terms can be understood from a careful reading of the public record. … *Nor may it be used to vary claim terms from how they are defined, even implicitly, in the specification of file history*.") (emphasis added); *Novartis Pharmaceuticals Corp. v. Abbott Labs.*, 375 F.3d 1328, 1335 (Fed. Cir. 2004) ("[E]xtrinsic evidence … may not be used to vary, contradict, expand *or limit the claim language* from how it is defined, *even by implication*, in the specification or file history.") (emphasis added); *Monsanto Co. v. Bayer Bioscience N.V.*, 363 F.3d 1235, 1245 (Fed. Cir. 2004) ("improper for the district court to apply the claim construction [from another case regarding other patents] without examining the intrinsic evidence specific to [the patent in suit]"); *Storage Technology Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 832 (Fed. Cir. 2003) ("[T]he district court improperly relied on extrinsic evidence … [by using] it to limit claim scope based on the purpose of the invention, which is impermissible").

> **1.     The Intrinsic Evidence Does Not Interject Any "Mutually Exclusive" Limitation—To the Contrary, It Shows Overlap Between the Two Categories**

In the present case, the claim language does *not* recite any limitation that "pH dependent agents" and "non-pH dependent sustained release agents" are mutually exclusive in a single formulation.  Nor are the two phrases grammatically or logically mutually exclusive.  The use of the modifier "pH dependent" with respect to the word "agent" is not in conflict with "non-pH dependent" as it modifies "sustained release agent."  As an example: Something that is "not a red car" may still be a "red apple."

Importantly, the specification of the patent recites specific examples of excipients that can be both "pH dependent agents" and "non-pH dependent sustained release agents."  As shown during the *Markman* hearing:

| Chemical | Non-pH Dependent Sustained Release Agent | pH-Dependent Agent |
|---|---|---|
| Alginic Acid | '599 Patent, Col. 1, line 63 | '599 Patent, Col. 2, line 21 |
| Carrageenan | '599 Patent, Col. 1, line 63 | '599 Patent, Col. 2, line 21 |
| sodium carboxymethyl cellulose | '599 Patent, Col. 1, lines 65-66 | '599 Patent, Col. 2, lines 21-22 |

There is nothing in the specification that limits that concept to excipients that are in different formulations.  There simply is *no* intrinsic evidence to support a "mutually exclusive" limitation in the claim construction.

Moreover, there is no rule of claim construction forbidding a *single* substance to meet both the claim limitation "pH dependent agent" and the claim limitation "non-pH dependent sustained release agent."  Indeed, numerous cases hold that a single component or feature may perform several claimed functions and support different claim limitations.  *See In re Kelley*, 305 F.2d 909, 914 (C.C.P.A. 1962) (finding the same cylinder to be both the "means for reducing said actuating force" and the "power driven actuator" and holding that "[w]e see no reason why a single structural element [] which performs two separate functions, cannot support a claim reciting broadly these separate functions."); *Sun Studs, Inc. v. ATA Equipment Leasing, Inc.*, 872 F.2d 978, 989 (Fed. Cir. 1989), *overruled on other grounds*, *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1038-39 (Fed. Cir. 1992) ("An apparatus claim describing a combination of components does not require that the function of each be performed by a separate structure in the apparatus.  The claimed and accused devices must be viewed and evaluated as a

6

whole."); *Ramos v. Biomet, Inc.*, 828 F. Supp. 1570, 1579 (S.D. Fla. 1993), *aff'd in part* (infringement), *reversed in part* (willfulness), 69 F.3d 553 (Fed. Cir. 1995) ("[A]n apparatus patent claim describing a combination of components does not require that the function of each component be performed by a separate structure in the apparatus.").[2]

> **2.    The Court's Construction Looks to Extrinsic Evidence (Or Its Absence) From a Supplemental Literature Search To Justify Adding a Limitation to a Claim—A Specifically Forbidden Approach**

In explaining its Opinion limiting the claims to only agents that are mutually exclusive within the same formulation, the Court states:

> Plaintiffs argued and showed only that 'an excipient can exhibit different properties in different formulations' 'depending on context.' (D.I. 204 at 1-2). Plaintiffs did not go so far as to argue that an excipient could exhibit different properties in the same formulation, as is necessary to support their proposed construction.

(D.I. 228 at 8; *see also id.* at 7-9).

As a factual matter, the quoted passage misstates Plaintiffs' argument. Plaintiffs have never limited, or intended to limit, their claim construction to agents in different formulations.[3]

But more importantly, the Court's analysis impermissibly relies on extrinsic evidence and/or the lack thereof. The cover letter to Plaintiffs' submission is not a basis for importing a

---

[2] The same is true with regard to infringement. *Magrath v. Draper Corp.*, 384 F.2d 672, 673 (1st Cir. 1967) (infringement is not avoided by making into one part that which has been shown as two); *Mars, Inc. v. Mars Elecs. Int'l, Inc.*, No. Civ.A. 90-49(JCL), 2002 WL 33960519, at *8 (D.N.J. Mar. 28, 2002) ("[I]nfringement may be found where, as here, particular operations performed by an accused product satisfy more than one claim element. Thus, even if the 'measuring' step and the 'determining' step are 'to some extent merged together,' . . . that does not defeat infringement.").

[3] Contrary to the Court's statement at page 8 of its March 22nd Opinion, Plaintiffs *do* argue, and intended to argue, that an excipient can play multiple roles in a single formulation. The first paragraph in Plaintiffs' supplemental letter makes that argument (D.I. 204), as do Plaintiffs' claim construction briefs (D.I. 95, 103).

limitation into the claim contrary to the intrinsic evidence.  Nor is the scientific literature that the Court requested.  All of this is extrinsic evidence.

A new invention may use new language to describe that invention in ways not found in the scientific literature.  The absence of confirmatory literature cannot be used to undo or limit the intrinsic evidence as it describes the invention.  That is the clear mandate of the Federal Circuit's claim construction rulings.

Indeed, the Federal Circuit law goes so far as to require that extrinsic evidence not limit claims even where the specification merely "implies" the absence of the limitation.  *Vitronics Corp.*, 90 F.3d at 1584-85 ("*Nor may [extrinsic evidence] be used to vary claim terms from how they are defined, **even implicitly**, in the specification or file history*.") (emphasis added); *Novartis Pharmaceuticals Corp.*, 375 F.3d at 1335 ("extrinsic evidence … **may not be used to** vary, contradict, expand **or limit the claim language** from how it is defined, **even by implication**, in the specification or file history.") (emphasis added).

The specifications here, of the '599 and '794 patents, *at a minimum* "imply" that "pH dependent agents" and "non-pH dependent sustained release agents" can be the same chemical in the same formulation.  The specifications recite no limitation requiring that the excipient be in different formulations.  And, they explicitly show excipients that can perform both functions. Whether the scientific articles submitted to the Court did or did not show examples of excipients that were both "pH-dependent agents" and "pH-independent sustained release agents" *in a single formulation* cannot provide a limitation to the claims that is not present in the intrinsic evidence.

Accordingly, Plaintiffs respectfully urge reconsideration.

**B.**     **Reconsideration is Warranted To Correct a Clear and Manifest Factual Error, Demonstrated By Defendants' Admissions at Depositions Held After the *Markman* Hearing**

It is a *fact*, as a general matter, that a chemical can serve multiple functions within a single formulation.  The testimony of each of the defendants' key scientists concedes that fact:

Actavis's formulator said it:

Q.          **REDACTED**

A.          **REDACTED**

Yarasani Depo. Tr. at 292, lines 13-20 (Declaration of Francis DiGiovanni in Support of Plaintiffs' Motion for Reconsideration ("DiGiovanni Decl.") Exhibit A).

Anchen's key scientist said it:

Q.          **REDACTED**

A.          **REDACTED**

Chen Depo. Tr. at 89, lines 3-9 (DiGiovanni Decl. Exhibit B).

Teva's formulator also said it.  *See* Tong Depo Tr. at 166, lines 18-24 (admitting that

**REDACTED**          (DiGiovanni Decl. Exhibit C).

These words from the defendants' own scientists (all depositions were taken after the *Markman* hearing) contradict the Court's claim construction and defendants' arguments.

While extrinsic evidence cannot be used to limit a claim, it can be used to confirm the claim construction already evident from the intrinsic evidence.

\*     \*     \*

Thus, Plaintiffs respectfully submit that the Court's claim construction with regard to the "mutually exclusive" issue is in error as a matter of law.  Inserting claim limitations from the extrinsic evidence that simply do not exist in the intrinsic evidence is something specifically

verboten by the case law.  The law of claim construction allows a single component to satisfy multiple claim limitations.  Furthermore, the facts as admitted by defendants' own formulators are contrary to the claim construction.  Plaintiffs thus urge reconsideration.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court reconsider its claim construction order, in part.  Specifically, Plaintiffs ask that the Court modify its claim construction for the term "non-pH dependent sustained release agent" by removing the clause "and that is not the pH dependent agent," and modify its claim construction for the term "pH dependent agent" by removing the clause "that is neither the non-pH dependent sustained release agent nor the pharmaceutically active agent, and."

The claims permits a substance to be both a "pH dependent agent" and also a "pH independent sustained release agent" within the same formulation, thus the claim terms should have been so construed.  The Court's claim construction to the contrary is legal error because it imported a limitation from extrinsic evidence into the claims.

Dated:  April 5, 2012                          Respectfully submitted,


*Of Counsel*                                   /s/ *Francis DiGiovanni*
                                               Francis DiGiovanni (#3189)
Edgar H. Haug                                  Jeffrey L. Eichen (#5331)
Gregory Wesner                                 Connolly Bove Lodge & Hutz LLP
Jason A. Lief                                  The Nemours Building
Frommer Lawrence & Haug LLP                    1007 North Orange Street
745 Fifth Avenue                               P.O. Box 2207
New York, NY 10151                             Wilmington, Delaware 19801
(212) 588-0800                                 Tel:  (302) 658-9141
                                               Fax:  (302) 658-5614
                                               fdigiovanni@cblh.com
                                               jeichen@cblh.com

4721409v1                                      *Attorneys for Plaintiffs*

10

## <u>CERTIFICATE OF SERVICE</u>

I, Francis DiGiovanni, hereby certify that on the 10th day of April, 2012, a true copy of

the foregoing document was electronically filed with the Clerk of Court using CM/ECF, which

will send notification of such filings to the following, and the document is available for viewing

and downloading from CM/ECF:

I further certify that I caused copies of the foregoing document to be served on April 10,

2012, upon the following via electronic mail:

Dominick T. Gattuso
PROCTOR HEYMAN LLP
1116 West Street
Wilmington, DE 19801
Telephone: (302) 472-7311
Facsimile: (302) 472-7301
dgattuso@proctorheyman.com

*Counsel for Actavis Elizabeth LLC
and Actavis Inc.*

Chad A. Landmon
Matthew J. Becker
Tara R. Rahemba
Thomas G. Rohback
Evan T. Lee
Stacie L. Ropka
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
9th Floor
Hartford, CT 06103
Telephone: (860) 275-8100
Facsimile: (860) 275- 8101
cal@avhlaw.com
mjb@avhlaw.com
trr@avhlaw.com
tgr@avhlaw.com
etl@avhlaw.com
slr@avhlaw.com

Josephine Liu, Ph.D.
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
jl@avhlaw.com

*Counsel for Actavis Elizabeth LLC
and Actavis Inc.*

John C. Phillips, Jr.
Megan C. Haney
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210
jcp@pgslaw.com
mch@pgslaw.com

*Counsel for Anchen Pharmaceuticals, Inc.
and Anchen Inc.*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON
LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants
Teva Pharmaceuticals USA, Inc. and Teva
Pharmaceutical Industries Ltd.*

Don J. Mizerk
John A. Sholar
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
Telephone: (312) 655-1500
Facsimile: (312) 655-1501
Don.Mizerk@huschblackwell.com
John.Sholar@huschblackwell.com

*Counsel for Anchen Pharmaceuticals, Inc.
and Anchen Inc.*

Bruce M. Gagala
Peter H. Domer
John P. Snow
Jeffrey B. Burgan
LEYDIG, VOIT & MAYER, LTD
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601
bgagala@leydig.com
pdomer@leydig.com
jsnow@leydig.com
jburgan@leydig.com

*Attorneys for Defendants
Teva Pharmaceuticals USA, Inc. and Teva
Pharmaceutical Industries Ltd.*

*/s/ Francis DiGiovanni*
Francis DiGiovanni (#3189)