IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHIRE LLC; SUPERNUS PHARMACEUTICALS, INC.; AMY F.T. ARNSTEN, PH.D.; PASKO RAKIC, M.D.; and ROBERT D. HUNT, M.D.,<br><br>Plaintiffs,<br><br>v.<br><br>IMPAX LABORATORIES, INC.; WATSON PHARMACEUTICALS, INC.; WATSON LABORATORIES, INC.−FLORIDA; WATSON PHARMA, INC.; and ANDA, INC.,<br><br>Defendants._____/ | No. C 10-5467 RS<br><br>**ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL WITHOUT PREJUDICE** |

Two administrative motions to file under seal are now pending before the Court: (1) a motion to file under seal defendant Impax Laboratories' amended invalidity contentions, attached as Exhibit A to a stipulation permitting amendment (Dkt. No. 151), and (2) a motion to file under seal Impax's opposition brief to plaintiff's opening claim construction brief, as well as Exhibits C, K, & L in support thereof (Dkt. No. 158). Plaintiffs join both motions. (Dkt Nos. 159-60). For the reasons explained below, the motions will be denied.

Civil Local Rule 79-5, which governs the filing of documents under seal, articulates a policy that promotes open adjudication. The Commentary to that Rule provides: "As a public forum, the Court has a policy of providing to the public full access to papers filed in the Office of the Clerk." Recognizing that some matters nonetheless require the Court to consider confidential materials, the Rule requires that no document may be filed under seal without a Court order, and upon a "request that establishes that the document, or portions thereof is privileged or protectable as a trade secret or

1  otherwise entitled to protection under the law." Civil Local Rule 79-5(a). That request "*must* be
2  narrowly tailored to seek sealing only of sealable material." *Id.* (emphasis added).

3        Although the parties in this case have generally observed the procedures set forth in the
4  Local Rules for filing documents designated as confidential, *see* Local Rule 79-5(e), plaintiffs'
5  declarations submitted in support of the motions are insufficiently detailed and specific to warrant
6  sealing. Those declarations assert, in conclusory fashion, that defendants' filings generally contain
7  information which "*may* include proprietary scientific research and development, FDA documents,
8  and information which has not been made public." (Gaede Decl. in Supp. of Pl.'s Joinder ¶ 3).
9  While it may well be that defendants' submissions include information that is privileged or
10 otherwise protectable by law, the current record simply does not provide the Court with an adequate
11 basis to determine as much.

12       Accordingly, the motions to file under seal will be denied without prejudice. Plaintiffs may,
13 if they so elects, renew the joinder motion with appropriate supporting declarations within seven
14 business days of this Order. Otherwise, the request to file under seal will be denied in full, pursuant
15 to Civil Local Rule 79-5(e). The parties' stipulation to file amended invalidity contentions will
16 remain under submission until the accompanying administration motion to file under seal is
17 resolved.

18       IT IS SO ORDERED.

20 Dated: 4/26/12

                              RICHARD SEEBORG
                              UNITED STATES DISTRICT JUDGE